Warren v. Castello.

WARREN *et al.* v. CASTELLO, *Administrator, Appellant.*

DIVISION TWO.

1. **Conveyance**: SEPARATE ESTATE. The words of a conveyance to "J., trustee of M. [a married woman] and her heirs and assigns" do not create a separate estate in her.

2. ———: SPECIFIC PERFORMANCE. A land-owner may, for a valuable consideration, bind himself to convey his land to another upon condition that the latter shall, within a specified time, accept his offer and comply with the terms of the contract.

3. ———: ———: MARRIED WOMAN. But where the promise to convey is made without consideration, and to a married woman, incapable of contracting, and who expressly stipulates not to be bound by the contract, such agreement will not be enforced.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

*Rassieur & Schnurmacher* and *G. W. Royse* for appellant.

(1) The contract was not enforceable since there was no consideration to support it. Mrs. Warren paid no consideration to Mrs. Mreen, and it cannot be claimed that she entered into the lease or into possession in consequence of the contract, because her own evidence showed that the lease was entered into and possession was taken by her long before this contract was executed by the deceased. Indeed, the contract recites these facts. The agreement was, therefore, gratuitous and voluntary and not capable of enforcement. *Tucker v. Bartle*, 85 Mo. 114, and cases cited; Story on Equity Jurisprudence, sec. 793*b*. (2) The alleged improve-

ments constituted no part performance which would give strength to plaintiff's position, because they were only such as occurred in the ordinary course of husbandry, and in the ordinary use of the premises for the purposes for which they were rented, and there was no evidence showing that said improvements were made in pursuance of the alleged contract.   Nor that William Mreen knew that they were being made.   *Emmel v. Hayes*, 102 Mo. 186.   (3)   A contract, to be enforced, must not only be based upon a sufficient consideration, but must be certain and mutual.   *Mastin v. Halley*, 61 Mo. 196; Story on Equity Jurisprudence, secs. 723, 736, 751; Fry on Specific Performance, 133; Pomeroy on Contracts (Specific Performance), sec. 40.   (4) "And there must not only be a mutuality in the contract itself, but there must be a mutuality of remedy."   *Neef v. Redmon*, 76 Mo. 195; *Glass v. Rowe*, 103 Mo. 513; *Marble Co. v. Ripley*, 10 Wall. 339; Story on Equity Jurisprudence, sec. 787; Adams on Equity [4 Am. Ed.] 237 (note); Pomeroy on Contracts, secs. 162–166; *Rose v. Bell*, 38 Barb. 25; *Benedict v. Lynch*, 1 Johns. Ch. 370; *German v. Machin*, 6 Paige, 288; *Woodward v. Harris*, 2 Barb. 439.   (5) It was error to permit plaintiff, Mary Warren, to testify. She was wholly incompetent, and no more qualified to prove an offer to perform, or part performance, than to prove the contract itself.   *Sitton v. Shipp*, 65 Mo. 297; *Chapman v. Dougherty*, 87 Mo. 617; *Meier v. Thieman*, 90 Mo. 433; *Emmel v. Hayes*, 102 Mo. 186.

*J. A. Henderson* for respondents.

(1)   The contract of William Mreen for the sale and conveyance of the land to Mrs. Warren was founded on a good consideration, and, although only signed by him, is sufficiently clear and certain in its

terms, and affords a competent basis for a suit for specific performance. *Bean v. Valle*, 2 Mo. 126; *Halsa v. Halsa*, 8 Mo. 303; *Ivory v. Murphy*, 36 Mo. 534; *Mason v. Payne*, 47 Mo. 518; *Mastin v. Grimes*, 88 Mo. 478; *Green v. Richards*, 23 N. J. Eq. 32; *Johnston v. Trippe*, 33 Fed. Rep. 530; *Mansfield v. Hodgdon*, 17 N. E. Rep. 544; Fry on Specific Performance, sec. 291; *Chamberlain v. Robertson*, 31 Iowa, 410; *Walker v. Owen*, 79 Mo. 563; Waterman on Specific Performance, sec. 200; *Butler v. Thompson*, 91 U. S. 412; *Schroeder v. Gemeinder*, 10 Nev. 355; *Moses v. McClain*, 82 Ala, 370; *Sylvester v. Boon*, 132 Pa. 467.

GANTT, P. J.—This proceeding was commenced in the probate court of St. Louis county, seeking the specific performance of an agreement alleged to have been made February 1, 1884, between plaintiff, Mary J. Warren, then and now a married woman, and William Mreen, since deceased, whereby it is claimed that the said Mreen agreed at any time before March 1, 1889, to convey to said Mary J. Warren certain land lying in St. Louis county, upon the payment to him of $2,000.

The proceeding was originally commenced against Mary Ann Mreen, the widow and executrix of the deceased; since the appeal to this court, Charles Castello, her successor as administrator of the estate, has been substituted for her in the action.

The contract, which is made the basis of this proceeding, is in the form of a bond, in which the said Mreen binds himself to plaintiff, Mary J. Warren, in the penal sum of $2,000, to be void if he should make and deliver to her a good and sufficient warranty deed for said parcel of land. The contract is signed only by said Mreen, and contains the following provision:

"And it is further expressly understood and agreed that the said Mary Warren is in no way obligated to

purchase said lands, but that the true intent and mean-
ing of this instrument is that the said Mary Warren,
who is now occupying said lands under a written lease,
for a term of fifteen years, ending March 1, 1889, shall
hereby and herein have the privilege of purchasing said
lands at any time during the continuance of said term
by paying to said William Mreen the said sum of
$2,000; and that, upon payment of said sum of money
within the time specified, the said Mreen shall cause to
be made, executed and delivered to her a good and suf-
ficient warranty deed therefor."

The evidence disclosed that Mrs. Warren never
paid, or offered to pay, any part of the purchase price
to Mreen, in his lifetime; that, when Mreen signed the
agreement, she was already in possession of the land
therein described under a lease theretofore entered into
between her husband (who was also her trustee) and
Mreen, dated June 14, 1883; that Mrs. Warren was in
the quarry business; that she had worked a quarry on
the land, and had also set out some fruit trees and
grapevines on a part of it.  Against the objections of
defendant that she was an incompetent witness, the
plaintiff, Mary J. Warren, was permitted to testify in
her own behalf in the circuit court; that before com-
mencing this proceeding she had tendered Mrs. Mreen,
who was then acting as executrix of deceased, the sum
of $2,000, and had demanded of her a conveyance to
the land.  To this action of the court, in permitting
Mrs. Warren to testify, an exception was duly saved by
defendant.

In the probate court, and again in the circuit court,
there was a finding and judgment for the plaintiff, and
the case has been brought here on an appeal taken by
the representative of the estate.

On behalf of the defendant it is submitted that
the court below erred in its judgment, and that no

specific performance of the contract should have been ordered; because:

*First.* The agreement is without consideration to support it. *Second.* The agreement lacks mutuality of obligation and of remedy, in this: That Mrs. Warren, having been at the time the contract was made (and ever since) a married woman, the same was not binding upon her, nor enforceable against her. *Third.* The contract lacks mutuality by its own terms, independent of any personal incapacity of Mrs. Warren. *Fourth.* There was also error in permitting Mrs. Warren to testify as a witness in her own behalf, inasmuch as the other party to the contract in issue and on trial was dead.

As Mreen signed the bond, the statute of frauds constitutes no objection to the validity of the contract. His estate was sought to be charged. The objection to this contract is much more substantial. The want of any consideration to support it, and the incapacity of Mrs. Warren to make it, are urged against it.

Here the record discloses that no part of the purchase money has been paid or accepted. No consideration was paid Mreen for signing the agreement; it was purely voluntary; the agreement to sell was no part of the lease; it was subsequent to and independent of the lease; the possession of the land was by virtue of the lease only, and is referable to that and not the agreement to sell. *Emmel v. Hayes*, 102 Mo. 186. So that we have here the case of a land-owner of his free will, without any consideration therefor, attempting to bind himself to make a deed to a tract of land to a married woman, at any time during a term of fifteen years that she might pay him $2,000.

There was an attempt to show by the evidence that Mrs. Warren was possessed of an estate in equity to her sole and separate use. The only evidence tending

to show this was a deed "to John B. Warren, trustee of Mary Warren, and her heirs and assigns." These words were not sufficient to create a separate estate. They created a trust but not such a separate estate as she could bind by her contracts as if she were sole. *Turner v. Shaw*, 96 Mo. 22. Now, it is perfectly clear that Mreen could not have maintained specific performance against Mrs. Warren for two reasons: *First*, he expressly agreed she was not bound by the writing, and, *second*, she was a *feme covert*.

The general rule requiring mutuality of contract and remedy in order to enforce specific performance is not denied or questioned by respondent's counsel. *Glass v. Rowe*, 103 Mo. 513; *Marble Co. v. Ripley*, 10 Wall. 339. But he insists that this case comes within the equally well-established exception to that rule, that where the contract or agreement is unilateral, and by its terms one party only is to be bound, specific performance will be enforced against that one.

The cases in which the decree was predicated upon the part performance of the contract are distinguishable from the question now to be decided. Those cases rest on a distinct equity, and we may remark that this court and the courts generally have held part payment of the purchase money is not such a part performance as will entitle the party to a decree for specific performance. That a land-owner may, for a valuable consideration, bind himself to convey his land to another upon condition that such other shall, within a specified time, accept his offer and comply with the terms proposed, is not open to question. *Mastin v. Grimes*, 88 Mo. 478; Waterman on Specific Performance, sec. 200; Pomeroy on Specific Performance, sec. 169.

Transactions in real estate to an almost unlimited extent are daily founded upon this well-recognized law. The principle on which this seeming exception is based

is that the bond or conditional covenant to convey upon the option of the lessee or vendee is a continuing offer on the part of the vendor or owner, until accepted within the time and on the terms limited in the option and when accepted it becomes a valid agreement, supported by mutual promises of competent parties. *Willard v. Taylor*, 8 Wall. (U. S.) 557; *Railroad v. Bartlett*, 3 Cush. 224; *Welchman v. Spinks*, 5 Law Times Rep. (N. S.) 385; *Railroad v. Evans*, 6 Gray, 25; Waterman on Specific Performance, sec. 200.

Mr. Bishop in his work on the law of married women, second volume, section 250, discusses the point under consideration. He says: "But if the agreement rests merely in mutual promises then in principle, as the promise of the married woman is a nullity, it cannot constitute a consideration for the promise of the other party; therefore, it is void also as to him. This is the true ground on which proceeds a North Carolina case of mutual promises, followed by a tender on the part of the married woman, wherein it was held upon the facts that she could not have a decree of specific performance against the defendant who had agreed to convey some property to her separate use." *Lanier v. Ross*, 1 Dev. & Bat. Eq. 39, 40.

Mrs. Warren not only gave no consideration for Mreen's promise to convey to her, but she was careful to stipulate that she was in nowise bound to purchase the land. She not only was incapable of agreeing to purchase, but the bond carefully exonerates her from all liability. She now seeks, after the death of Mreen, to obtain a conveyance to property which she could never have been compelled to take had its value diminished.

There is neither mutuality of obligation or remedy; there was no consideration for the promise to convey; nothing was paid for the option. The agreement, there-

fore, was gratuitous and voluntary and incapable of enforcement. *Tucker v. Bartle*, 85 Mo. 114; Story on Equity Jurisprudence, sec. 793*b; Neef v. Redmon*, 76 Mo. 195. The judgment of the circuit court is reversed, and the cause remanded with directions to enter a final judgment for defendant on the merits and for costs. All of this division concur.