# BEDDOW v. FLAGE.

(132 N. W. 637.)

**Action — uniting legal and equitable causes.**

1. Under the Code, several causes of action, whether such as have been here-tofore denominated legal or equitable, or both, if they all arise out of the same transaction, or transactions connected with the same subject of action, may be united. *Held*, that plaintiff may, in the same action, seek a decree of specific performance for the conveyance of land, and damages for failure to convey in accordance with a written contract.

**Specific performance — contract running to person as "cashier" — who may enforce.**

2. Plaintiff took an option contract for the purchase of land, running to "W. E. Beddow, Cashier of the C. Bank of Waukon, Iowa." He complied with its terms, and, on the refusal of the vendor to convey, brought suit in his own name. *Held*, that among the different rules applicable to contracts so made, that most favorable to the appellant is that prima facie the words, "Cashier, etc.," are descriptive of the person, and do not constitute a representation of the capacity in which the plaintiff acted in making the contract, and that a demurrer to a complaint on such a contract, upon the ground that the action is not brought in the name of the bank, was properly overruled.

**Complaint in action for specific performance — demurrer.**

3. An allegation in the complaint of a vendee in an action for specific per-formance, that he has been ready, willing, and able at all times to comply with his part of a contract for the purchase of land, and has tendered payment, but that the vendor has refused to convey, is sufficient on demurrer.

**Specific performance — contract signed only by vendor.**

4. An action for specific performance may be maintained upon a contract for the conveyance of land signed only by the vendor.

**Option contract for purchase of land — definiteness.**

5. An option contract for the purchase and sale of land, certain as to the minimum amount of cash to be paid, and giving an option to pay all cash, be-comes definite and certain upon the vendee accepting the option and offering to pay all cash. Hence other conditions in the contract as to security in case

Note.—Tender or payment of consideration as a condition precedent to a suit for the specific performance of a contract to convey realty consummated by the vendee's exercise of an option, see note in 24 L.R.A.(N.S.) 91.

Right to specific performance of option to purchase as affected by lack of mutu-ality of obligation, see note in 6 L.R.A.(N.S.) 403.

part cash only is paid are rendered immaterial, although set out in the complaint.

**Option contract — mutuality — specific performance.**

6. An option contract accepted in accordance with its terms is mutual, and can be enforced against the vendee if he fails to perform; and hence a complaint setting out these facts is not open to demurrer on the ground of want of mutuality in the contract.

**Specific performance — damages for delay.**

7. The vendee in a proper case of specific performance may recover damages against the vendor for withholding possession, and delay in conveying, in an action in which specific performance is decreed.

Opinion filed September 30, 1911.

Appeal from District Court, La Moure county; Winchester, Special Judge.

Action by W. E. Beddow against Fred C. Flage. From an order overruling a demurrer to a complaint, plaintiff appeals.

Affirmed.

See also 20 N. D. 66, 126 N. W. 97.

*Knauf & Knauf,* for appellant.

*Davis & Warren,* for respondent.

SPALDING, J.   The relief prayed for in the complaint in this action is that the defendant be required to specifically perform his part of an agreement to sell and convey certain land described, and, in case of his failure, that the title be transferred by a decree of the court, and that the plaintiff have and recover $2,900 as damages sustained by reason of the defendant's refusal to convey the land pursuant to the terms of an agreement set out.   The complaint alleges that on or about the 26th of September, 1905, the defendant in consideration of $1 paid to him, and by an instrument in writing, called an option contract, sold and granted to the plaintiff an option for the period of ninety four days from the said date to purchase the E. $\frac{1}{2}$ of section 11, township 135, range 64 W., La Moure county, for the sum of $4,800, and a copy of the option contract is attached; that at the time said contract was executed and delivered it was understood and agreed that if the plaintiff should elect to purchase said land within said period, he should pay to

the defendant, on delivery to him of the proper conveyance, at least one third of such agreed purchase price, and as much more as he might then elect to pay in money; that, if he should elect not to pay all of the purchase price in money, he should liquidate the balance by either giving defendant a promissory note and mortgage securing the same, or five promissory notes secured by a mortgage; that defendant agreed to convey said lands free and clear of all encumbrances, by deed, with full covenants of warranty, and furnish plaintiff with an abstract of title thereof, showing it free and clear of all encumbrances; that in compliance with the terms of such contract, and on the 27th of December, 1905, plaintiff notified in writing the defendant that he would take said land, and tendered in full consideration the purchase price therefor, $4,800, and demanded a deed and an abstract of title thereof. It is then alleged that defendant refused, and ever since has refused, to convey or to furnish the abstract of title; that at all times referred to the defendant was, and is now, the owner of said premises, and fully competent and able to convey the same in accordance with the terms of such agreement; and that at all times the plaintiff has been fully prepared to pay the purchase price in full in money, and brings the same into court for payment to the defendant.

A second cause of action is then set out which, in all respects, is identical with the first cause of action, except that in it it is alleged that the plaintiff purchased such option contract for speculative purposes, and that while it was in full force and effect, and relying upon the defendant to convey pursuant to such contract, plaintiff negotiated and sold the said land at a profit of $2,400, and obligated himself to convey the same to the purchaser on or before the 1st day of January, 1906, and that, because of the refusal and failure of the defendant to convey as agreed, plaintiff was unable to convey to his purchaser, and was compelled to effect a settlement with him by reason of such failure; and that he necessarily paid and expended, to effect such settlement, the sum of $500. The option contract made a part of the complaint is as follows:

## Option Contract.

For and in consideration of the sum of $1 to me in hand paid, the receipt whereof is hereby acknowledged, I hereby grant unto W. E.

Beddow, Cashier of the Citizens' State Bank of Waukon, Iowa, an option for ninety four days from the 26th day of September, 1905, to purchase for the sum of $4,800.00 the following described land, situated in the county of La Moure and state of North Dakota: The east half of section 11, 135–64. One third or more cash, balance on time at 6 per cent interest, upon the following terms and conditions, to wit: Said W. E. Beddow to signify his intention to take or reject the same by due notice in writing within the time above specified, and a failure to serve such notice within the time specified shall terminate this option without further action, time being the essence of this agreement. In case said notice shall be served in due time, then thirty days shall be given in which to examine abstract, make deeds, and close sale.

Fred C. Flage. [Seal]

Witnesses: N. W. Niehaus.

To this complaint the defendant demurred; First, because several causes of action have been improperly united; second, because the complaint does not state facts sufficient to constitute a cause of action. The trial court overruled the demurrer; and from the order overruling it this appeal is taken.

1. Does this complaint improperly unite two causes of action? We are not concerned with the sufficiency of the allegations of the complaint under either cause of action in the consideration of this question. If the two causes of action attempted to be stated are such as can properly be united in one complaint, the question must be answered in the negative. Under the Code several causes of action, whether they are such as have been heretofore denominated legal or equitable or both, where they all arise out of the same transaction or transactions connected with the same subject of action, may be united. Rev. Codes 1905, § 6877. The first cause of action which respondent attempts to state is for specific performance of the contract to convey land. The second is for damages for failure to convey in accordance with the contract. It is true that, standing alone, one would involve a suit in equity and the other an action at law, but the multiplicity of suits necessary under the old system was one of the things sought to be avoided by the adoption of the Code provision to which reference has been made. There can be no question that both these causes of action arise out of the same trans-

action, and it would seem under the plain terms of the section referred to that they may be united in the same complaint. Sheets v. Prosser, 16 N. D. 180, 112 N. W. 72; Tripp v. Yankton, 10 S. D. 516, 74 N. W. 447; Aultman Co. v. Ferguson, 8 S. D. 458, 66 N. W. 1081; Wiles v. Suydam, 64 N. Y. 177; Bliss, Code Pl. §§ 166, 167. We need not determine whether it was necessary for the plaintiff to treat the breach of this contract as two causes of action, or whether only one cause of action is shown. Appellant's authorities are not in point.

2. Does the fact that the contract was made between the defendant and "W. E. Beddow, Cashier of the Citizens' State Bank of Waukon, Iowa," and that the suit is brought by W. E. Beddow, disclose no cause of action in Beddow? This contract was, upon its face, made by the defendant with Beddow, the plaintiff, personally. The rule is adopted in some states that in contracts the words "cashier," etc., are prima facie descriptive of the person, and do not constitute a representation of the capacity in which the plaintiff was acting in making the contract. Brunswick-Balke-Collender Co. v. Boutell, 45 Minn. 21, 47 N. W. 261. And this is the most favorable to appellant of any rule on the subject called to our attention. The allegations of the complaint are that the contract was with Beddow personally, and it discloses nothing on its face to the contrary.

3. It is contended that the complaint does not disclose any proper tender of performance within the time specified in the contract by the plaintiff. Sufficient answer to this contention is that the complaint alleges a tender of the full amount of the purchase price, and that he has been ready, able, and willing to comply with his part of the contract. But no tender was necessary. The contract discloses that it was incumbent on the plaintiff to signify his intention to take or reject the land by due notice in writing within ninety-four days, and that in case such notice would be served within such time, the plaintiff was to have thirty days within which to examine an abstract of the title thereto, and the defendant, within which to make deeds and close the sale; but the complaint alleges not only the service of the notice within the time, the demand for a deed, and that the plaintiff was then and ever since has been fully prepared to pay the purchase price in full in money, and tendered the same to the defendant, but that the defendant refused and ever since has refused to convey. It is elementary that an offer to per-

form is rendered unnecessary when the party to whom the act is due first makes known his refusal to accept performance. Where a party resists the performance of a contract and insists he is not bound by the contract to convey, no tender is necessary before suit is brought. Rev. Codes 1905, § 6679; Wright v. Young, 6 Wis. 127, 70 Am. Dec. 453; Gill v. Newell, 13 Minn. 462, Gil. 430; Gray v. Dougherty, 25 Cal. 266; Stanford v. McGill, 6 N. D. 536, 38 L.R.A. 760, 72 N. W. 938.

4. As near as can be gathered from the brief of appellant, the principal ground of appeal rests upon the theory that the contract of sale pleaded is insufficient to entitle respondent to a decree for specific performance thereof; in other words, that it does not state a cause of action on which specific performance may rest. In support of this it is said that the contract is one-sided, uncertain, and ambiguous, because it does not determine the amount to be paid down, when or where the balance is to be paid, whether it is to run for a long or short term of years, whether the balance is to be secured by a mortgage or otherwise, and thereby furnishes a wide ground for dispute of the parties as to its terms.

(a) Section 6612, Rev. Codes 1905, provides that a party who has signed a written contract may be compelled specifically to perform it, though the other party has not signed it, if the latter has performed or offers to perform it on his part, and the case is otherwise proper for enforcing specific performance. See also Cummins v. Beavers, 103 Va. 230, 106 Am. St. Rep. 881, 48 S. E. 891, 1 Ann. Cas. 986; McPherson v. Fargo, 10 S. D. 611, 66 Am. St. Rep. 723, 74 N. W. 1057; Gira v. Harris, 14 S. D. 537, 86 N. W. 624. Hence the objection that the contract is one-sided or unilateral is not well taken. Ide v. Leiser, 10 Mont. 5, 24 Am. St. Rep. 17, 24 Pac. 695; Frank v. Stratford-Handcock, 13 Wyo. 37, 67 L.R.A. 571, 110 Am. St. Rep. 963, 77 Pac. 134; Cheney v. Cook, 7 Wis. 413.

(b) The option contract, standing alone, may be somewhat uncertain as to the amount to be paid in cash, and the terms and conditions of the security to be given if only a partial payment is made, but it provides that the vendee may pay all cash, and by his election to pay all cash he made what was in the option contract uncertain, certain. The combination of the option contract and the acceptance by the vendee constitutes the contract under which respondent is seeking to recover. Until

he elected, which he did, within the time permitted, *viz.*, ninety four days, to accept the option given him, it was a one-sided contract, but immediately on his making the acceptance in writing it became a bilateral contract; the terms, which theretofore had been uncertain and were left to be adjusted or to be determined upon by the vendee within certain limits, became definite. The permission given him by the option to pay all cash was accepted, and this renders the allegations of the complaint with reference to oral agreements regarding terms if only part cash should be paid surplusage. Such allegations are wholly unnecessary and irrelevant to the facts disclosed by the complaint, and made so by the cash offer. De Rutte v. Muldrow, 16 Cal. 505; Wardell v. Williams, 62 Mich. 50, 4 Am. St. Rep. 814, 28 N. W. 796; South & North Ala. R. Co. v. Highland Ave. & Belt. R. Co. 98 Ala. 400, 39 Am. St. Rep. 74, 13 So. 682; Brown v. Munger, 42 Minn. 482, 44 N. W. 519; Rude v. Levy, 43 Colo. 482, 24 L.R.A.(N.S.) 91, 127 Am. St. Rep. 123, 96 Pac. 560; Ross v. Parks, 93 Ala. 153, 11 L.R.A. 148, 30 Am. St. Rep. 47, 8 So. 368; Watkins v. Robertson, 105 Va. 269, 5 L.R.A.(N.S.) 1194, 115 Am. St. Rep. 880, 54 S. E. 33.

(c) It is further objected under this head that there is a lack of mutuality, and that the contract comes within the terms of § 6610, Rev. Codes 1905, reading as follows: "Neither party to an obligation can be compelled specifically to perform it, unless the other party thereto has performed, or is compelled specifically to perform, everything to which the former is entitled under the same obligation, either completely or nearly so, together with full compensation for any want of entire performance." There is no merit in this proposition. What we have said under "b" is here applicable. Had the respondent not accepted the offer of the appellant, there might be some merit in this contention, but the instant that the offer was accepted, within the definite term of the contract, it became a mutual contract, and could have been enforced against the respondent had he thereafter failed to perform. Kerr v. Day, 14 Pa. 112, 53 Am. Dec. 526. Many authorities hold that an option to buy or sell real estate, more than any other form of contract, contemplates a specific performance of its terms, and we find no authorities that sustain appellant's contention that the contract is not mutual after it has been accepted by the vendee. See Watts v. Kellar, 5 C. C. A. 394, 12 U. S. App. 274, 56 Fed. 1, 36 Cyc. 626; Frank v. Stratford-

Hancock, 13 Wyo. 37, 67 L.R.A. 571, 110 Am. St. Rep. 963, 77 Pac. 134; Warren v. Castello, 109 Mo. 338, 32 Am. St. Rep. 669, 19 S. W. 29; Vassault v. Edwards, 43 Cal. 458; Hall v. Center, 40 Cal. 63.

5. The vendee plaintiff in an action for specific performance may recover damages for withholding possession, and delay in conveying when performance is decreed. 36 Cyc. 753; Pillsbury v. J. B. Streeter, Jr. Co. 15 N. D. 174, 107 N. W. 40.

The complaint in this case is not open to any of the objections made, by the appellant. The order of the District Court overruling appellant's demurrer is affirmed. Mier v. Hadden, 148 Mich. 488, 118 Am. St. Rep. 586, 111 N. W. 1040, 12 Ann. Cas. 88.

A. G. BURR, Judge of the Ninth Judicial District, sat in place of MORGAN, Ch. J., not participating.