Henry R. BUMANN and Alice Jean Bumann, Plaintiffs,

v.

Elmer MAURER and Dorothy Maurer, Defendants.

Civ. No. 8722.

Supreme Court of North Dakota.

June 28, 1971.

James D. Schlosser, Bismarck, for plaintiffs.

Rausch & Chapman, Bismarck, for defendants.

PAULSON, Judge.

Two questions in the instant case have been certified to us, pursuant to the provisions of Chapter 32–24, N.D.C.C. They are as follows:

1. Having in mind the fact that the plaintiffs brought an action against the defendants for specific performance of an agreement to convey real estate situated in the State of North Dakota, as is shown by the pleadings, and further having in mind that the plaintiffs also seek damages against defendants relative thereto, and with said cause being at issue and now before the court, is the proper measure of damages to be determined by the provisions of Section 32–03–13 of the North Dakota Century Code?

2. Was the trial court correct in approving plaintiffs' requested instruction and disapproving defendants' requested instruction?

The facts are that on September 11, 1969, the defendants, Elmer Maurer and Dorothy Maurer [herein Maurers], were the owners of certain lands located in the Counties of Kidder and Burleigh, in the State of North Dakota, and, on the same date, an option to purchase these lands was executed by the Maurers and by the plaintiffs, Henry R. Bumann and Alice Jean Bumann [herein Bumanns]. The Bumanns, on October 9, 1969, exercised the option to purchase the property and forwarded their written acceptance to the Maurers. On December 10, 1969, Elmer Maurer forwarded a letter which had been prepared by the Bank of Steele to the Bumanns, stating that the option to purchase the real property would terminate on December 11, 1969. The Bumanns then notified the Maurers that they had already elected to exercise the option to purchase and desired to complete the purchase of the property on a timely basis. The Bumanns were ready, willing, and able to pay the full purchase price for the land. However, all of the demands made by the Bumanns requiring the Maurers to convey the land in accordance with the option contract were refused. In January of 1970, the Bumanns commenced a legal action against the Maurers for specific performance and damages. A written tender and offer made by the Maurers and dated December 9, 1970, was forwarded to counsel for the Bumanns, in which offer the Maurers agreed to tender to the Bumanns a warranty deed conveying the property, together with the sum of $300 in full settlement of any alleged claims. The Bumanns refused to accept this tender and offer, contending that their damages far exceeded the sum of $300 because of the refusal by the Maurers to convey the land shortly after the exercise of the option. The case was set for trial in December of 1970. Just prior to the trial, the parties stipulated in open court that the Maurers would convey title to the land to the Bumanns and that the only issue to be determined was what money damages, if any, should be awarded to the Bumanns. Pursuant to the stipulation, the Maurers delivered to the Bumanns a warranty deed and abstracts of title to the property in question. All of the parties agreed to the transfer of the property, and to the certification to the North Dakota Supreme Court of the questions of

law pertaining to damages. The Bumanns' Requested Instruction No. 1 was adopted by the trial court as the law applicable in an action for specific performance where the defendants were able to convey the real property. The Maurers' motion to have their Requested Instruction No. 1 adopted by the court was denied and the trial court issued its memorandum opinion on March 10, 1971, determining that the Bumanns' Requested Instruction No. 1 be adopted.

The Bumanns' Requested Instruction No. 1 reads as follows:

"The measure of damages for the breach of an obligation arising from an option contract to sell real property, is the amount which will compensate the aggrieved party for all detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom. The defendants were able to convey said real property and have agreed to specifically perform the option contract, and the only issue remaining is that of damages, which may be awarded to compensate the plaintiffs for the injury sustained by reason of the defendants' delay in conveying.

"The object to be aimed at in awarding damages is to place the parties without fault as nearly as possible in the same condition as they would have been in had there been no default by the vendors. No damages can be recovered for a breach of contract if they are not clearly ascertainable in both their nature and origin. North Dakota Jury Instruction 870. 32–03–09, N.D.C.C. Pillsbury v. [J. B.] Streeter, 15 N.D. [174] 182, 107 N. W. 40; Beddow v. Flage, 22 N.D. [53] 54, 132 N.W. 637; Orfield v. Harney, 33 N.D. 568, 157 N.W. 124."

The above-cited § 32–03–09, N.D.C.C., provides:

"Measure of damages for breach of contract—Damages must be certain.— For the breach of an obligation arising from contract, the measure of damages, except when otherwise expressly provided by the laws of this state, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby or which in the ordinary course of things would be likely to result therefrom. No damages can be recovered for a breach of contract if they are not clearly ascertainable in both their nature and origin."

The Maurers' Requested Instruction No. 1, which was not adopted by the trial court, reads:

"The Court instructs you that in the event you should find that plaintiffs are entitled to damages, then the proper measure of damages for breach of contract is the difference between the price agreed to be paid and the value of the estate agreed to be conveyed at the time of the breach and expenses properly incurred in examining the title, and in preparing to enter upon the land, and amount paid on the purchase price, if any, with interest thereon from the time of the breach. Sec. 32–03–13, N.D.C.C.; Missouri Slope Livestock, [Auction] Inc. v. Wachter [N.D.], 107 N.W.2d 349."

The above-cited § 32–03–13, N.D.C.C., provides:

"Damages for breach of agreement to convey realty.—The detriment caused by the breach of an agreement to convey an estate in real property is the difference between the price agreed to be paid and the value of the estate agreed to be conveyed at the time of the breach and the expenses properly incurred in examining the title, and in preparing to enter upon the land, and the amount paid on the purchase price, if any, with interest thereon from the time of the breach."

The parties agreed that in the event the provisions of § 32–03–13, N.D.C.C., are applicable to this action, as urged by the Maurers, then the case would be deemed dismissed with prejudice. However, the

fact remains that the two questions submitted for certification are not proper, for, assuming without deciding that this court upholds the decision of the trial court, which held that the Bumanns' Requested Instruction No. 1 is the appropriate instruction, the certified answers would not be dispositive of the case and the question of damages would have to be determined by a jury, as well as the amount, if any, of such damages.

■ The pertinent section of the North Dakota Century Code is § 32–24–01 :

"When question may be certified.— Where any cause is at issue, civil or criminal, in any district court or county court with increased jurisdiction in this state and the issue of the same will depend principally or wholly on the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital, or of great moment in the cause, the judge of any such court, on the application of the attorney for the plaintiff or defendant in a civil cause, and upon the application of the attorneys for the plaintiff and defendant in a criminal cause, may halt all proceedings until such question shall have been certified to the supreme court and by it determined."

This court stated, in School Bd. of Eagle Pub. Sch. Dist. No. 16 of Richland County v. State Board, 126 N.W.2d 799, 802 (N. D.1964) :

"If our answers to these questions should be in the negative and we should hold the decisions not appealable, that would, in fact, determine the suit. But if our answers to these questions should be in the affirmative, all of the issues in the case will remain to be tried, and the outcome of the suit will depend upon the evidence submitted in the case.

"In order to come within the provisions of the Act conferring authority for certification of questions to the Supreme Court, it is not enough to show that the outcome of the suit might be determined by the construction of the law as indicated by the answers to the certified questions. It must appear that the result of the litigation will depend wholly, or at least principally, upon the answers to such questions, regardless of whether those answers are in the negative or in the affirmative. * * * "

This language was recently reaffirmed by this court in Vantine Paint & Glass Co. of Dickinson v. Kudrna, 186 N.W.2d 127 (N. D.1971).

■ We have held that § 32–24–01, N. D.C.C., does not contemplate the giving of advisory opinions. Vantine Paint & Glass Co. of Dickinson v. Kudrna, *supra*; School Bd. of Eagle Pub. Sch. Dist. No. 16 of Richland County v. State Board, *supra;* Ullman v. Campbell, 51 N.D. 198, 199 N. W. 482 (1924). This court further held in syllabus paragraph 2, of Sylling v. Agsco Distributors, Inc., 171 N.W.2d 825 (N.D. 1969) :

"In certifying questions of law, pursuant to Chapter 32–24, N.D.C.C., it is necessary that the trial court determine, settle, adjudicate and certify to a formulated question of law. This question of law must be clearly stated and not involve questions of fact, or those of mixed law and fact. It must be distinctly stated so that it can be determined by the Supreme Court without regard to other issues of law or fact."

In the instant case, if this court were to affirm the trial court's decision of accepting the proposed instruction submitted by the Bumanns, neither the issue of liability nor the amount of damages would be resolved by the answers to the questions certified to us. Thus we conclude that the lawsuit will not depend principally or wholly upon the answers to the questions certified to us.

For the reasons stated in the opinion, we decline to answer the certified questions,

and the case is remanded to the district court for further proceedings.

STRUTZ, C. J., KNUDSON, J., and HAMILTON E. ENGLERT, District Judge, concur.

ERICKSTAD, J., deeming himself disqualified did not participate; HAMILTON E. ENGLERT, Judge of the First Judicial District, sitting in his stead.

TEIGEN, Judge (dissenting).

I dissent.

I believe that the certified questions should be answered by this court. The defendants have admitted legal liability by entering into a stipulation under the terms of which they admit the validity of the option agreement and agree to convey the property in accordance with all the requirements of the option with the single exception as to time. The majority, in outlining the facts and procedures in the trial court, correctly noted that:

"Just prior to the trial, the parties stipulated in open court that the Maurers would convey title to the land to the Bumanns and that the only issue to be determined was what money damages, if any, should be awarded to the Bumanns."

However, the conclusion of the majority, as stated in the latter part of their opinion, is erroneous. They conclude that if this court should affirm the trial court's decision as to the measure of damages, " * * * neither the issue of liability nor the amount of damages would be resolved by the answers * * * " It is my opinion that, as a result of the stipulation, the only issue remaining for trial is that of the amount of damages. It is important for the trial court to determine the law as to the measure of damages before trial on an issue involving damages, in order that it may rule properly on the admissibility of proffered evidence. There were two legal theories advanced on this question, one by each party. If the trial court follows the wrong law as to the measure of damages, the judgment will be in error and will be subject to reversal on appeal. If the trial court follows the correct law as to the measure of damages, the only issue, if there is an appeal, will be the sufficiency of the evidence to sustain the verdict. Thus the interpretation and construction of the law to be applied on this question is vital and of great moment in the cause remaining for trial. It is clear that the result is dependent wholly or principally on the answers to the questions certified.

The stipulation of the parties also provides that if Section 32–03–13, N.D.C.C., is applicable as a measure of damages, the case shall be dismissed with prejudice. Thus it is elementary that the result of the litigation is dependent "wholly" upon the answers to the questions propounded. Certainly the determination of the questions submitted is of "great moment to the cause" remaining for trial.

Chapter 32–24, N.D.C.C., providing for certification of questions of law to the supreme court, is equally applicable in civil or criminal cases in any district court or county court with increased jurisdiction in this State. We have answered certified questions in a number of cases in the past where an issue of fact remained for trial following a decision by this court settling issues of law which were certified to us. In State v. Walla, 57 N.D. 726, 224 N.W. 211, this court answered certified questions of law in a criminal case charging forgery where a motion had been made to set the indictment aside on legal grounds. The trial court overruled the motion and the question of law involved in the motion was certified to this court. This court affirmed the decision overruling the motion by answering the certified questions and remanded the case for further proceedings.

In State v. Bonzer, 68 N.D. 311, 279 N.W. 769, a certified question of law was answered in an action brought to recover from the state bonding fund, where, during trial, objection had been made at the close

of the plaintiff's case and was overruled by the trial court. The question involved in the motion was certified to this court for determination. The certified question of law in that case was answered by this court in the affirmative, holding that the suit could be maintained. Thus the trial court was permitted to continue with the trial of the action.

In State v. Robinson, 71 N.D. 463, 2 N. W.2d 183, 140 A.L.R. 332, a criminal case charging a public officer with fraud, a bill of particulars was demanded and furnished, following which, on the basis of the criminal information and the bill of particulars, several questions of law were certified to this court for answer and, although the question of guilt or innocence remained for trial to a jury, the court proceeded to answer the questions.

In City of Grand Forks v. Grand Forks County, 139 N.W.2d 242 (N.D.1965), eight questions of law were certified to this court for answer in an action to recover certain tax moneys which had been collected by the county and to which the city maintained it was entitled. This court answered five of the questions and refused to answer three of them on the ground that certain facts necessary to a determination of the three questions had not been established and, therefore, the answers to the three questions would be merely advisory. The case was remanded for further proceedings in the district court.

In Sylling v. Agsco Distributors, Inc., 171 N.W.2d 825 (N.D.1969), we decided certified questions of law in a suit to recover damages to crops where the defendant stipulated that it would not contest the question of liability in the event it should be determined that the action was not barred by the statute of limitations and that, therefore, the law applicable on the question of limitation would determine the issue of liability, leaving only the question of damages for trial.

Thus, in a number of cases, this court has answered certified questions of law

which wholly or principally settled vital questions of law, which arose before or during trial and were followed by a trial or the completion of a trial after such questions were determined by this court. The evidence admissible on the question of the amount of damages is dependent upon the law as to the measure of damages and, therefore, the issue of damages remaining for trial is wholly dependent on the answers to the questions certified. I see no reason why we should not answer the questions of law certified in this case as the answers will establish the law upon which the issue of damages can properly be tried.