**Bradley KEYES, Plaintiff,**

v.

**Susan AMUNDSON, Robert Amundson, Craig Stoner, G & J Hotshot Service, Inc., and Getter Trucking, Inc., Defendants.**

**Civ. No. 10806.**

Supreme Court of North Dakota.

Dec. 19, 1984.

Greenwood, Greenwood & Greenwood, Dickinson, for plaintiff Bradley Keyes; argued by Dann Greenwood, Dickinson.

Bjella, Neff, Rathert, Wahl & Eiken, Williston, for defendants Susan Amundson and Robert Amundson; argued by Paul W. Jacobson, Williston.

Letnes, Marshall, Fiedler & Clapp, Grand Forks, for defendants Craig Stoner and G & J Hotshot Service, Inc.; argued by Jay H. Fiedler, Grand Forks.

McIntee & Whisenand, Williston, for defendant Getter Trucking, Inc.; argued by Fred E. Whisenand, Williston.

Orell D. Schmitz, President-Elect, North Dakota Trial Lawyers Ass'n, Bismarck, amicus curiae.

PEDERSON, Justice.

The district court certified, under Chapter 32–24, NDCC, the following questions to this Court:

"(1) 'Does *North Dakota Century Code* 9–10–07 permit a recovery by a plaintiff where the plaintiff's negligence is greater than or equal to each individual defendant's negligence, but less than the aggregate negligence of all defendants?'

"(2) 'If so, may a plaintiff recover more than the pro-rata percent of damages attributable to a defendant whose fault is less than that of the plaintiff? That is,

by way of hypothetical, could a plaintiff who is forty percent negligent recover more than twenty percent of his damages from a defendant who is found to be only twenty percent at fault?' "

We decline to answer the certified questions, and we remand the case to the district court for further proceedings.

Bradley Keyes commenced this action seeking damages for serious injuries he received during a motorcycle-automobile accident which occurred in 1981. The case was tried to a jury which returned its verdict apportioning negligence as follows: Bradley Keyes—40 percent; Susan Amundson—40 percent; and Craig Stoner—20 percent. The trial court dismissed the action on the ground that the jury's negligence apportionment precluded a recovery by Keyes under Section 9–10–07, NDCC.

In *Keyes v. Amundson,* 343 N.W.2d 78 (N.D.1983) [Keyes I], this Court, concluding that the jury had been exposed to extraneous prejudicial information, vacated the judgment and remanded the case for a new trial on the merits. Thereafter, upon the request of defendants Craig Stoner and G & J Hotshot Service, Inc., the trial court certified the foregoing questions for answer by this Court. The retrial has not been held but is pending our determination on the certified questions.

■ Chapter 32–24, NDCC, does not contemplate nor provide authority for the issuance of advisory opinions. It is well settled, through this Court's interpretation of Section 32–24–01, NDCC, that this Court will not consider a certified question unless the disposition of the case "will depend principally or wholly on the construction of the law" applicable to the certified question irrespective of whether the answer is in the affirmative or the negative. *Merchant v. Richland County Water, Etc.,* 270 N.W.2d 801 (N.D.1978); *Bumann v. Maurer,* 188 N.W.2d 740 (N.D.1971); *Vantine Paint & Glass Company of Dickinson v. Kudrna,* 186 N.W.2d 127 (N.D.1971).

■ In *Keyes I,* we remanded this case for a new trial on the merits. At the retrial, a redetermination of liability will be made by the fact-finder. The parties concede that the matters raised by the certified questions may have no application or relevance to this case when the result of the retrial becomes known.

Accordingly, we hold that the certified questions are not properly before us, and we decline to answer them.

■ In view of his resistance to the certification, Keyes has requested this Court, upon declining to answer the questions, to award him costs. Keyes has not requested attorney fees, and we do not discuss that matter.

Rule 47.1(d) of the North Dakota Rules of Appellate Procedure provides:

"*(d) Costs.* Fees and costs shall be the same as in civil appeals docketed before the supreme court and *shall be equally divided by the parties unless otherwise ordered by the certifying court* in its order of certification." [Emphasis added.]

We remand Keyes' request to the district court with directions that the court award Keyes "fees and costs" under the foregoing rule.

ERICKSTAD, C.J., and GIERKE and VANDE WALLE, JJ., concur.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.