Daniel BELLEMARE, Plaintiff,

v.

GATEWAY BUILDERS, INC., and Anton Rutten, Defendants.

Civ. No. 11335.

Supreme Court of North Dakota.

Jan. 20, 1987.

Dosland, Dosland, Nordhougen, Lillehaug & Johnson, Moorhead, for plaintiff; argued by Colleen J. Saande.

Greenberg, Colosimo & Patchin, Virginia, for defendant Anton Rutten; argued by John D. Colosimo; Mark Weir present.

LEVINE, Justice.

We are asked to answer a certified question concerning the duty of care owed by a lessor to a lessee. We decline to do so.

Daniel Bellemare leases farm land, including three grain bins, from Anton Rutten. Bellemare fell from a ladder attached to one of the bins and sued Rutten to recover for the injuries he sustained as a result of Rutten's allegedly negligent maintenance of the bin. Rutten moved for summary judgment on the ground that he owed Bellemare no duty of care as a matter of law. Bellemare appears to concede that under the law governing landlord liability, Rutten is entitled to summary judgment. However, Bellemare argues that the law, as set forth in *Francis v. Pic,* 226 N.W.2d 654 (N.D.1975), is ripe for reversal and should be replaced with the single standard that landowners owe a duty of reasonable care to all who enter their land with permission.

The trial court agreed and denied Rutten's motion for summary judgment stating that Rutten owed Bellemare a duty to use reasonable care in maintaining his grain bins and "that the Supreme Court would reverse if this Court held otherwise...." The following question was certified to us pursuant to Rule 47.1 of the North Dakota Rules of Appellate Procedure:

Is the law establishing the duty of care owed by a lessor to his lessee as set out in the Restatement of Torts (2d) Section 356 and as adopted by the North Dakota Supreme Court in *Francis v. Pic,* 226 N.W.2d 654, 659 (N.D.1975) outdated and to be superseded by the single standard that landowners owe a duty of reasonable care to all who enter on their land with permission?

The trial court answered this question in the affirmative.

The authority to certify questions of law to this Court is provided by chapter 32–24

of the North Dakota Century Code. Section 32–24–01 provides:

"Where any cause is at issue, civil or criminal, in any district court or county court in this state and the issue of the same will depend principally or wholly on the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital, or of great moment in the cause, the judge of any such court, on the application of the attorney for the plaintiff or defendant in a civil cause, and upon the application of the attorneys for the plaintiff and defendant in a criminal cause, may halt all proceedings until such question shall have been certified to the supreme court and by it determined."

Section 32–24–02, NDCC, provides:

"In all actions, both civil and criminal, the matter of certifying a question shall be in the sound discretion of the trial judge, and the supreme court may refuse to consider the same if it is frivolous, or is merely interlocutory in its nature, or otherwise not of sufficient importance to determine the issues in the cause at bar."

Historically, we have construed these statutes to require that a certified question will be considered by this Court if the result of the action depends wholly, or at least principally, upon the construction of the law as it will be determined by the answers to the questions certified, regardless of whether answered in the negative or affirmative. *Keyes v. Amundson,* 359 N.W.2d 857, 859 (N.D.1984); *State v. Lebus,* 339 N.W.2d 564, 566 (N.D.1983); *Bumann v. Maurer,* 188 N.W.2d 740, 743 (N.D.1971); *Vantine Paint & Glass Co. of Dickinson v. Kudrna,* 186 N.W.2d 127, 128 (N.D.1971); *Scranton Grain Co. v. Lubbock Machine & Supply Co.,* 175 N.W.2d 656, 658 (N.D.1970); *School Board of Eagle Public School District No. 16 of Richland County v. State Board of Public School Education,* 126 N.W.2d 799, 802 (N.D.1964); *Meckle v. Hoffman,* 78 N.W.2d 166, 170 (N.D.1956). *See also Trinity Medical Center v. North Dakota Board of Nursing* (Civil No. 11,257, January 8, 1987)

—— N.W.2d —— (N.D.1987). *But see State v. Larson,* 313 N.W.2d 750 (N.D.1981).

While a negative answer would dispose of the case, an affirmative answer would not because the issues of liability and damages would remain to be tried. Because our answer would not dispose, wholly or principally, of the issues in this case we would, in effect, be giving an advisory opinion to the trial court. The statutes providing for the certification of questions to this Court do not contemplate our giving advisory opinions. *Keyes v. Amundson, supra; State v. Lebus, supra* at 567; *Bumann v. Maurer, supra; Vantine Paint & Glass Co. of Dickinson, supra; School Board of Eagle Public School District No. 16 of Richland County, supra; Meckle v. Hoff-man, supra; Stutsman County v. Dakota Trust Co.,* 45 N.D. 451, 178 N.W. 725, 726 (1920).

Accordingly, the certified question proceeding is dismissed and the case is remanded to the district court for further proceedings.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.