Leon GELINSKE, Plaintiff,

v.

**FARMERS GRAIN & TRADING CO., Defendant.**

**Civ. No. 890226.**

Supreme Court of North Dakota.

Sept. 26, 1989.

Arthur Warren Stokes (argued), Wahpeton, for plaintiff.

Richard C. Hefte (argued), Fergus Falls, Minn., for defendant.

LEVINE, Justice.

We are asked to answer a certified question on the measure of damages for conversion under NDCC § 32–03–23. We decline to do so.

Leon Gelinske sued Farmers Grain & Trading Co. (Farmers) for conversion, alleging that Farmers converted his grain by weighing it in an unauthorized manner. He claimed damages for the value of the grain, as well as consequential damages for the forced discount sale of a land contract to pay debts. He also sought punitive damages.

The trial court denied Gelinske's request for a jury instruction on consequential damages on the ground that consequential damages are not recoverable under NDCC § 32–03–23.[1]

The jury awarded damages for the value of the grain and for expenditures to recover the property converted. The trial court ordered a new trial on damages. At oral argument, we were told that the reason for the new trial was the excessive amount awarded for expenditures to recover the grain. Pursuant to Rule 47.1, NDRAppP, Gelinske then requested certification to this court of the following question:

"Is a plaintiff's damages for conversion in North Dakota restricted to those damages solely as provided under NDCC 32–03–23?"

The trial court answered this question in the affirmative.

Authority to certify questions of law to this court is provided by NDCC ch. 32–24. Section 32–24–01 provides:

"Where any cause is at issue, civil or criminal, in any district court or county court in this state and the issue of the same will depend principally or wholly on the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital, or of

great moment in the cause, the judge of any such court, on the application of the attorney for the plaintiff or defendant in a civil cause, and upon the application of the attorneys for the plaintiff and defendant in a criminal cause, may halt all proceedings until such question shall have been certified to the supreme court and by it determined."

This court may refuse to consider the question certified if it is frivolous, merely interlocutory or otherwise not sufficiently important to the determination of issues in the case. NDCC § 32–24–02. We have repeatedly said that a certified question will not be considered by this court unless the disposition of the case depends wholly or principally upon the construction of law determined by the answer, regardless of whether the answer is in the negative or affirmative. *Bellemare v. Gateway Builders, Inc.*, 399 N.W.2d 308, 309 (N.D. 1987); *Keyes v. Amundson*, 359 N.W.2d 857, 859 (N.D.1984); *State v. Lebus*, 339 N.W.2d 564, 566 (N.D.1983); *Bumann v. Maurer*, 188 N.W.2d 740, 743 (N.D.1971).

In *Bumann v. Maurer, supra*, 188 N.W.2d at 743–44, this court declined to answer two certified questions, one of which was whether the proper measure of damages in the case was to be determined by the provisions of NDCC § 32–03–13. The parties in *Bumann* had agreed that if this court answered that NDCC § 32–03–13 applied, the case would be deemed dismissed with prejudice. On the other hand, if the court answered that the statute did not control, the question of damages and the amount, if any, would have to be determined by a jury. Only an affirmative answer to the question would have disposed of that case. We, therefore, declined to answer the certified question because the answer would not have disposed of the case regardless of whether our answer was in the negative or the affirmative.

---

1. Section 32–03–23, NDCC, provides:

"The detriment caused by the wrongful conversion of personal property is presumed to be:

"1. The value of the property at the time of the conversion, with the interest from that time; or

"2. When the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and

"3. A fair compensation for the time and money properly expended in pursuit of the property."

Here, neither a negative nor an affirmative answer would be dispositive of the case.[2] If we were to conclude that damages for conversion are limited to those expressly described in NDCC § 32–03–23, the essential issues whether Gelinske suffered any of those damages, and, if so, in what amount, would remain to be tried. By the same token, if we answered to the contrary, it would still remain for a jury to determine what damages, if any, Gelinske suffered and in what amount. Because our answer to the question certified would not dispose wholly or principally of this case or the issues in it, we must decline to answer. To answer a certified question that does not wholly or principally dispose of the issues in the case would constitute issuing an advisory opinion. *State v. Larson*, 313 N.W.2d 750, 757 (N.D.1981) (VandeWalle, J., concurring in part and dissenting in part). The statutes authorizing certification of questions of law to this court do not contemplate our giving advisory opinions.

Accordingly, the certified question proceeding is dismissed and the case is remanded to the district court for further proceedings.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

---

**2.** Counsel for Gelinske conceded in oral argument that the issue of damages would remain to be tried irrespective of our answer to the certified question.