Rose Marie BUTZ, Scott Butz, Dawn Butz, and Robert Butz, Plaintiffs,

v.

WORLD WIDE, INC., a Minnesota Corporation, and Cass Oil Co., a North Dakota Corporation, Defendants and Third Party Plaintiffs,

v.

Jack A. WERNER, Third Party Defendant.

Civ. No. 910053.

Supreme Court of North Dakota.

Aug. 2, 1991.

Miller, Norman & Kenney, Moorhead, for plaintiffs; argued by Keith L. Miller.

Cahill, Maring & Marquart, Moorhead, for defendants and third party plaintiffs; argued by Steven J. Cahill.

ERICKSTAD, Chief Justice.

The parties have requested that we answer certified questions of law presented by the district court. We decline to do so.

Charles Butz, Jr., was seriously injured in a 1984 accident while riding a "Super Tube" being towed by a boat. He sued Jack A. Werner, Cass Oil Co., and World Wide, Inc. He secured a substantial damage award on a strict liability claim. We affirmed the judgment in *Butz v. Werner*, 438 N.W.2d 509 (N.D.1989).

In 1990, Butz's wife, Rose Marie Butz, and his children, Scott, Dawn, and Robert Butz, sued World Wide, Inc., and Cass Oil Co. for their loss of consortium resulting from the injuries he sustained in the 1984 accident. In this action, the district court certified the following questions, which the plaintiffs and the defendants have requested that we answer:

"1. WHERE A MARRIED PERSON SUSTAINS BODILY INJURY, AND PROSECUTES AN ACTION FOR SUCH BODILY INJURY AGAINST THE RESPONSIBLE PARTIES THROUGH TRIAL, IS SUCH INJURED PERSON'S SPOUSE BARRED FROM THEREAFTER COMMENCING AN ACTION FOR LOSS OF CONSORTIUM WHERE THE LOSS OF CONSORTIUM CLAIM WAS AVAILABLE TO BE SUED AND TRIED WITH THE BODILY INJURY ACTION? ...

"2. WHERE A PARENT HAS SUSTAINED AN ACTIONABLE BODILY INJURY ON JUNE 15, 1984, MAY SAID PERSON'S MINOR EMANCIPATED CHILDREN MAINTAIN AN ACTION AGAINST THE RESPONSIBLE PARTIES FOR LOSS OF PARENTAL CONSORTIUM? ...

"3. IF THE ANSWER TO CERTIFIED QUESTION NO. 2 IS IN THE AFFIRMATIVE, ARE SUCH CHILDREN NONETHELESS BARRED FROM COMMENCING AN ACTION FOR LOSS OF PARENTAL CONSORTIUM AFTER THE ACTION FOR BODILY INJURY HAS BEEN TRIED TO A CONCLUSION, WHERE THE LOSS OF CONSORTIUM CLAIM WAS AVAILABLE TO BE SUED AND TRIED WITH THE BODILY INJURY ACTION? ..."

The trial court answered all three questions in the negative.

Chapter 32–24, N.D.C.C., authorizes trial courts to certify questions of law

to this court. We have repeatedly said that we will not answer a certified question unless the result of the action depends wholly or principally upon the construction of the law as it is determined by the answer to the question, regardless of whether we answer the question in the affirmative or the negative. *See, e.g., Gelinske v. Farmers Grain & Trading Co.,* 446 N.W.2d 261 (N.D.1989); *Bellemare v. Gateway Builders, Inc.,* 399 N.W.2d 308 (N.D.1987); *State v. Lebus,* 339 N.W.2d 564 (N.D.1983). As we recently said in *McKenzie County v. Hodel,* 467 N.W.2d 701, 704 (N.D.1991), we will only answer certified questions from North Dakota trial courts "which are dispositive of the issues in the case."

█ As counsel concede in their joint brief requesting answers to the certified questions: "Depending upon the answers to the certified questions, there may certainly remain issues of liability and damages for the Trial Court to address." We have declined to answer certified questions if issues of liability and damages would remain. *See Bellemare, supra.* Our answers to the certified questions presented in this case will not dispose of the case regardless of whether we answer the questions in the affirmative or the negative. Were we to answer the questions certified, we "would be giving an advisory opinion not contemplated by the statutes authorizing the certification of questions of law to this Court." *State v. Lebus, supra,* 339 N.W.2d at 567. Accordingly, we must decline to answer the questions.

The certified question proceeding is dismissed and the case is remanded to the district court for further proceedings.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.