**Barbara J. BRAATEN for the heirs and next of kin of Arnold Lyle Boomgaarden, Plaintiff,**

v.

**DEERE & COMPANY, incorporated in the State of Delaware, and George Boomgaarden, individually, Defendants.**

**Civil No. 960058.**

Supreme Court of North Dakota.

May 17, 1996.

John P. Clifford (argued), of Meshbesher & Spence, Minneapolis, MN, for plaintiff.

Eric Magnuson (argued), of Rider, Bennett, Egan & Arundel, Minneapolis, MN, for defendant Deere & Company.

Jay H. Fiedler (argued), of Pearson, Christensen, Larivee, Clapp, Fiedler & Fischer, Grand Forks, for defendant George Boomgaarden.

Charles L. Neff, of Bjella Neff Rathert Wahl & Eiken, P.C., Williston, for amicus curiae North Dakota Trial Lawyers Association.

NEUMANN, Justice.

Under N.D.R.App.P. 47.1 and N.D.C.C. Ch. 32–24, the district court for Stutsman County certified to this court two questions of law about the doctrine of equitable tolling of a statute of limitations. We decline to answer the questions.

On May 10, 1993, Arnold Boomgaarden was killed while operating a tractor owned by

his brother, George Boomgaarden, and manufactured by Deere & Company. On May 4, 1995, Barbara Braaten, Arnold Boomgaarden's daughter and personal representative of his estate, filed a wrongful death action in federal district court against Deere & Company and George Boomgaarden. On July 17, 1995, the federal district court dismissed Braaten's action without prejudice, concluding diversity jurisdiction did not exist because Braaten, as personal representative of Arnold Boomgaarden's estate, and George Boomgaarden were both deemed citizens of North Dakota. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").

On July 27, 1995, and August 14, 1995, Braaten commenced the same wrongful death action in district court in Stutsman County by serving Deere & Company and George Boomgaarden. Both defendants moved to dismiss, contending the two-year statute of limitations for wrongful death actions in N.D.C.C. § 28–01–18(4) barred the action. Braaten resisted, contending the statute of limitations should be equitably tolled because of the timely commencement of the action in federal court. The district court denied the defendants' motions. Relying on *Addison v. State*, 21 Cal.3d 313, 146 Cal.Rptr. 224, 578 P.2d 941 (1978) and *Burr v. Trinity Medical Center*, 492 N.W.2d 904 (N.D.1992), the court concluded the doctrine of equitable tolling prevented the statute of limitations from running.

The district court then certified to this court the following questions concerning the doctrine of equitable tolling of the statute of limitations:

"1. Whether the trial court has authority to adopt the doctrine of equitable tolling to prevent the running of the statute of limitations in a statutorily created wrongful death action where the legislature has fixed the limitations period for commencing a cause of action."

\* \* \* \* \*

"2. Whether equitable tolling prevents the statute of limitations from barring a claim where a cause of action is timely commenced in Federal Court but subsequently dismissed for lack of diversity jurisdiction and the same cause of action is then commenced in State Court after the expiration of the two year statute of limitations period."

The district court answered both questions "Yes".

Chapter 32–24, N.D.C.C., and N.D.R.App.P. 47.1 authorize trial courts to certify questions of law to this court. Our recent decisions have repeatedly said we will not answer a certified question of law unless the disposition of the case depends wholly or principally upon the construction of the law as it is determined by the answer to the question, regardless of whether we answer the question in the affirmative or the negative. *Butz v. World Wide, Inc.*, 472 N.W.2d 757 (N.D.1991); *Gelinske v. Farmers Grain & Trading Co.*, 446 N.W.2d 261 (N.D.1989); *Bellemare v. Gateway Builders, Inc.*, 399 N.W.2d 308 (N.D.1987); *Keyes v. Amundson*, 359 N.W.2d 857 (N.D.1984); *State v. Lebus*, 339 N.W.2d 564 (N.D.1983).

Here, depending on the answers to the certified questions, issues of liability and damages may remain for disposition in the trial court. We have declined to answer certified questions if issues of liability and damages would remain for disposition. *Butz; Bellemare.* While a negative answer would dispose of this case, an affirmative answer would not dispose of it because issues of liability and damages would remain for disposition. Because our answer may not dispose wholly or principally of the issues in this case, we would, in effect, be rendering an advisory opinion. The procedures for certifying questions of law to this court do not contemplate advisory opinions. *Butz; Bellemare.*

The defendants' reliance on *C.L.W. v. M.J.*, 254 N.W.2d 446 (N.D.1977), is misplaced. Although this court answered a certified question of law about a statute of limitation in *C.L.W.*, we did not address the propriety of the certified question. Moreover, our recent cases more accurately reflect our disposition for these types of proceedings.

Accordingly, we dismiss the certified question proceeding, and we remand to the district court for further proceedings.

VANDE WALLE, C.J., SANDSTROM and MESCHKE, JJ., and WILLIAM F. HODNY, D.J., concur.

WILLIAM F. HODNY, D. J., sitting in place of MARING, J., disqualified.