2007 ND 87

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Douglas James DENNIS, Defendant and Appellant.**

**No. 20060265.**

Supreme Court of North Dakota.

June 7, 2007.

Julie A. Lawyer, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Chad R. McCabe, Vinje Law Firm, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Douglas Dennis appeals from the criminal judgment entered after his conditional plea of guilty to possession of marijuana with intent to deliver within one thousand feet of a school. We hold the plain language of section 19–03.1–23.1(1)(a), N.D.C.C., provides an offense enhancement only for the manufacture and distribution of a controlled substance within one thousand feet of a school. We reverse the district court judgment and remand for resentencing under N.D.C.C. § 19–03.1–23(1)(b) as a class B felony.

I

[¶ 2] In February 2006, Dennis was arrested and charged with possession of marijuana with intent to deliver within one thousand feet of a school.

[¶ 3] Prior to Dennis's arrest, Detective Paul Olson applied for a search warrant to search Dennis's residence. At the hearing for probable cause to search the house, Detective Olson testified about having received a tip that Dennis was selling "large quantities" of marijuana from his residence near Grimsrud Elementary school. He further testified that after conducting surveillance, officers seized and analyzed trash from outside of Dennis's home. He testified that officers found

mail addressed to Dennis, plastic bags containing a green residue that field-tested positive for marijuana, and "a handful of Marijuana stems" in the trash bag. Detective Olson testified he received a tip that "a shipment" had arrived at Dennis's home. He testified about "unusual traffic" at the residence—individuals would arrive at Dennis's home empty-handed and leave carrying brown paper bags. The district court granted Olson's application for a search warrant for Dennis's residence.

[¶ 4] During the search of Dennis's home, officers found 18 individually wrapped bags of marijuana, each containing about three grams, and a single bag containing nearly 30 grams of the drug—less than a hundred grams total. The officers also found cash, money orders, smoking devices, a box of sandwich bags, an envelope with "pay/owe information," and scales.

[¶ 5] Dennis moved to reduce the charge on the ground that the offense as charged does not exist under North Dakota law. The district court denied the motion. At the change of plea hearing, Dennis entered an oral conditional guilty plea to preserve his right to appeal. The district court accepted the State's sentencing recommendation, which was apparently part of a plea agreement, and sentenced Dennis to a ten-year prison term, with all but six months suspended for five years. Dennis was placed on house arrest for the six-month period and was electronically monitored. At the sentencing hearing, Dennis's trial counsel said that if this Court were to rule in his favor on appeal, his and Dennis's intent "was to just have the same outcome as far as the plea agreement, just make it a Class B rather than a Class A [felony]."

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. This appeal is time-ly under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, § 2, and N.D.C.C. § 29–28–06.

## II

[¶ 7] Dennis contends the offense of possession of marijuana with intent to deliver within one thousand feet of a school does not exist in North Dakota. Dennis does not dispute that he lives within one thousand feet of a school. He now asks us "to reverse his conviction ... to the charge of Possession of Marijuana with Intent to Deliver and remand for further proceedings."

[¶ 8] According to the criminal information, the State charged that Dennis "willfully possessed a controlled substance, namely marijuana, with intent to deliver within 1000 feet of the real property comprising a public or private elementary or secondary school.... Class A Felony." The State charged Dennis under four statutes: 19–03.1–23 (prohibited acts); 19–03.1–23.1 (increased penalties for aggravating factors in drug offenses); 19–03.1–05(5)(t) (defining marijuana as a schedule I hallucinogenic controlled substance); and 12.1–32–01(2) ("Class A felony, for which a maximum penalty of twenty years' imprisonment, a fine of ten thousand dollars, or both, may be imposed.").

[¶ 9] Under N.D.C.C. § 19–03.1–23, possession with an intent to deliver marijuana is a class B felony:

1. Except as authorized by this chapter, it is unlawful for any person to willfully, as defined in section 12.1–02–02, manufacture, deliver, or *possess with intent to manufacture or deliver*, a controlled substance.... Any person who violates this subsection with respect to:

   a. A controlled substance classified in schedule I or II which is a

narcotic drug, or methamphetamine, is guilty of a class A felony. . . .

b. *Any other controlled substance classified in schedule I, II, or III, is guilty of a class B felony,* except that any person who delivers one hundred pounds ... or more of marijuana is guilty of a class A felony. . . .

N.D.C.C. § 19–03.1–23(1)(a), (b) (emphasis added).

[¶ 10] Under N.D.C.C. § 19–03.1–23.1, a person who violates section 19–03.1–23 is subject to an offense enhancement if any of the following "aggravating factors" are found to be present:

1. *A person who violates section 19–03.1–23* is subject to the penalties provided in subsection 2 *if:*

   a. *The offense involved the manufacture or distribution of a controlled substance in or on, or within one thousand feet [300.48 meters] of, the real property comprising a public or private elementary or secondary school, public career and technical education school, or a public or private college or university;*

   b. The defendant was at least sixteen years of age at the time of the offense and the offense involved the delivery of a controlled substance to a minor;

   c. The offense involved [certain types and quantities of controlled substances]; or

   d. The defendant had a firearm in the defendant's actual possession at the time of the offense.

2. The offense is:

   a. A class AA felony if the violation of section 19–03.1–23 is designated as a class A felony.

   b. *A class A felony if the violation of section 19–03.1–23 is designated as a class B felony.*

   c. A class B felony if the violation of section 19–03.1–23 is designated as a class C felony.

   d. A class C felony if the violation of section 19–03.1–23 is designated as a class A misdemeanor.

N.D.C.C. § 19–03.1–23.1(1) and (2) (emphasis added).

[¶ 11] In arguing the State charged him with an invalid offense, Dennis contends the aggravating factor for offenses near a school found in N.D.C.C. § 19–03.1–23.1(1)(a) is unambiguous and focuses his contention on the words "manufacture or distribution." He contends "distribution" requires an actual, constructive, or attempted transfer—not merely possession with an intent to deliver. In the alternative, Dennis contends any statutory ambiguity must be resolved in his favor in keeping with the rule of lenity. The State agrees the statute is unambiguous but contends the controlling language is "involved." The State relies on a dictionary definition of the present tense form of that verb to mean "to include as a necessary circumstance, condition, or consequence." The State argues that "[p]ossession with intent to deliver 'involves' distribution of a controlled substance just as much as conspiracy or accomplice to a delivery involves distribution." The State contends that applying Dennis's reasoning produces an absurd result because "he could be charged with either Possession of Marijuana Within 1,000 Feet of a School, a class B felony, or Possession of Marijuana With Intent to Deliver, a class B felony. [This] interpretation produces the absurd result that the same penalty applies to his possession of the drug for his personal consumption and his possession of that drug with intent to deliver it to another."

[¶ 12] "Construction of a criminal statute is a question of law, fully reviewable by this Court." *State v. Laib,* 2002 ND 95, ¶ 13, 644 N.W.2d 878 (citation omitted). "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained." N.D.C.C. § 1–02–02. "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05.

> Words and phrases must be construed according to the context and the rules of grammar and the approved usage of the language. Technical words and phrases and such others as have acquired a peculiar and appropriate meaning in law, or as are defined by statute, must be construed according to such peculiar and appropriate meaning or definition.

N.D.C.C. § 1–02–03. "[I]t is presumed that … [t]he entire statute is intended to be effective." N.D.C.C. § 1–02–38(2); *see also Laib,* 2002 ND 95, ¶ 13, 644 N.W.2d 878 ("We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage."). In statutory construction, the particular usually controls the general:

> Whenever a general provision in a statute is in conflict with a special provision in the same or in another statute, the two must be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision must prevail and must be construed as an exception to the general provision, unless the general provision is enacted later and it is the manifest legislative intent that such general provision shall prevail.

N.D.C.C. § 1–02–07; *see also Little v. Tracy,* 497 N.W.2d 700, 705 (N.D.1993) ("It must be presumed that the Legislature intended all that it said, and that it said all that it intended to say. The Legislature must be presumed to have meant what it has plainly expressed."). As this Court in *Little* noted, "the mention of one thing implies the exclusion of another." *Id.* (citation omitted); *see also* 2A Norman J. Singer, *Sutherland Statutory Construction,* § 47:23 (6th ed. 2000) ("As the maxim is applied to statutory interpretation, where a form of conduct, the manner of its performance and operation, and the persons and things to which it refers are designated, there is an inference that all omissions should be understood as exclusions.") (footnotes omitted). "The language of a statute is ambiguous if it is susceptible to differing, but rational, meanings." *City of Bismarck v. DePriest,* 2006 ND 158, ¶ 9, 717 N.W.2d 924. Consistent with the presumption that "[c]ompliance with the constitutions of the state and of the United States is intended," N.D.C.C. § 1–02–38(1), "[c]riminal statutes are strictly construed in favor of the defendant and against the government." *State v. Beciraj,* 2003 ND 173, ¶ 14, 671 N.W.2d 250 (citing *State v. Rue,* 2001 ND 92, ¶ 33, 626 N.W.2d 681).

[¶ 13] In this case, the controversy centers around three words: "involved," "manufacture," and "distribution." The latter two are defined by statute. The term "manufacture" means:

> the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and

chemical synthesis and includes any packaging or repackaging of the substance or labeling or relabeling of its container. N.D.C.C. § 19–03.1–01(16). The term "distribute" means "to deliver other than by administering or dispensing a controlled substance." N.D.C.C. § 19–03.1–01(11). The term "deliver" means "the actual, constructive, or attempted transfer from one person to another of a controlled substance whether or not there is an agency relationship." N.D.C.C. § 19–03.1–01(8).

[¶ 14]  The word "involved" is not statutorily defined; however, our laws do frequently use that word synonymously with a form of "to be," making it a nullity, or a crutch or surplus word. *See, e.g.,* N.D.C.C. § 6–09.10–01(2) (" 'Farmer' means a person who is or was *involved* in the production of an agricultural commodity or livestock."). We know that a farmer is a person who produces or produced an agricultural commodity or livestock. We do not refer to a tractor salesman as a farmer even though he could be seen as being involved in the production of an agricultural commodity. *See, e.g.,* N.D.C.C. § 12.1–34–02(12) ("Victims and witnesses must be informed by the prosecuting attorney of their rights to a prompt disposition of the cases in which they are *involved* as victims or witnesses as defined by the docket currency standards of the North Dakota supreme court."). The use of "involved" in that statute has no meaning other than "were" because only victims or witnesses must be so notified. *See, e.g.,* N.D.C.C. § 20.1–13.1–02 ("when the operator of a motorboat or vessel is *involved* in an accident resulting in the death or serious bodily injury ... of another person ... the operator may be compelled by a game warden or a police officer to submit to a chemical test"). Once again, only the operator may be compelled to submit to a chemical test if the vessel he was operating "was" in an accident resulting in death or serious bodily injury.

[¶ 15]  Webster's dictionary defines "involved" as "implicated, affected, or committed." *Webster's New World Dictionary* 742 (2d ed.1980). The word "implicated" is not specifically defined in *Webster's;* however, its past tense form is included in the present tense definition: "to show to have a connection with a crime, fault ... to have a resulting effect on ... to imply." *Webster's New World Dictionary* 705 (2d ed.1980). The State relies on a present tense definition of "involve," which has a different connotation from its past tense form. The State quotes from another dictionary that defines "involve" as "to include as a necessary circumstance, condition, or consequence." *See also Webster's New World Dictionary* 742 (2d ed.1980) (defining "involve" as "to include by necessity; entail; require ... to relate to or affect").

[¶ 16]  The State urges us to adopt the federal courts' broad reading of "involving" to define what "involved" means in our state law at issue here.

[¶ 17]  In *United States v. McKenney,* the court addressed whether the defendant's state conviction for conspiracy to violate a state controlled substances law *by his agreement* to possess with intent to deliver cocaine qualified as "an offense under State law, *involving* manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," and was therefore a "serious drug offense" within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e). 450 F.3d 39, 42–45 (1st Cir.2006) (emphasis added). The court interpreted "involving" broadly:

By using "involving," Congress captured more offenses than just those that "are

in fact" the manufacture, distribution, or possession of, with intent to distribute, a controlled substance.

. . . .

We agree with the Second Circuit's analysis that "[t]he word 'involving' *has expansive connotations,* and . . . it must be construed as extending the focus of § 924(e) *beyond the precise offenses of distributing, manufacturing, or possessing, and as encompassing as well offenses that are related to or connected with such conduct." [United States v.] King,* 325 F.3d [110,] 113 [ (2d Cir. 2003) ]. Also instructive is the D.C. Circuit's criticism of the narrow construction of "involving" proposed by a defendant convicted of an *inchoate* crime. That court observed that *if it were to adopt the narrow proposed reading, "the term 'involving' would be rendered meaningless—distribution alone would qualify as a crime 'involving' distribution and possession with intent to distribute alone would qualify as a crime 'involving' possession with intent to distribute." [United States v.] Alexander,* 331 F.3d [116,] 131 [ (D.C.Cir.2003) ] (some internal quotation marks omitted) (quoting *United States v. Contreras,* 895 F.2d 1241, 1244 (9th Cir.1990)).

*McKenney,* 450 F.3d at 42, 43–44. The *McKenney* court, however, qualified its expansive construction:

> We add one observation: while the term "involving" under 18 U.S.C. § 924(e)(2)(A)(ii) is not to be too narrowly read, it also is not to be too broadly read. *Not all offenses bearing any sort of relationship with drug manufacturing, distribution, or possession with intent to manufacture or distribute will qualify as predicate offenses under the ACCA. The relationship must not be too remote or tangential.* We need not decide today where the line is; we hold

only that the relationship between the inchoate offense of conspiracy and its object—its entire purpose—is plainly close enough that a conspiracy to possess with intent to distribute is, under the ACCA, an offense "involving . . . possessing with intent to . . . distribute."

*McKenney,* 450 F.3d at 45 (emphasis added).

[¶ 18] Dennis argues that *McKenney* "dealt with a very narrow issue concerning whether the *inchoate* offense of conspiracy was an offense 'involving . . . possessing with intent to . . . distribute.'" We agree. Inchoate offenses, such as conspiracy and attempt, may encompass conduct substantially more broad than those of choate crimes. *See, e.g.,* N.D.C.C. § 12.1–06–04(1) ("A person commits conspiracy if he agrees with one or more persons to engage in or cause conduct which, in fact, constitutes an offense or offenses, and any one or more of such persons does an overt act to effect an objective of the conspiracy."); N.D.C.C. § 12.1–06–01(1) ("A person is guilty of criminal attempt if, acting with the kind of culpability otherwise required for commission of a crime, he intentionally engages in conduct which, in fact, constitutes a substantial step toward commission of the crime."). Therefore, we need not analyze whether inchoate offenses deserve a broad reading of "involved," because the charge in this case is not an inchoate offense.

[¶ 19] That "involved" has been construed narrowly to mean "was" or broadly to mean "to show to have a connection with a crime" does not necessarily render section 19–03.1–23.1 susceptible to more than one rational, but different, meaning in this case. Because the legislature restricted the meaning of "involved" to apply only to the offenses listed in section 19–03.1–23, which includes the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, the issue

before us now is whether possession with intent to deliver *involved* the manufacture or distribution of a controlled substance.

[¶ 20] First, applying our various statutes' use of "involved" as a form of "to be"—such as "was"—to section 19–03.1–23.1(1)(a) supports Dennis's position that the school zone aggravating factor does not apply to the charge against him; instead, it applies only if the offense *was* the manufacture or distribution of a controlled substance. Second, when we compare sections 19–03.1–23 and 19–03.1–23.1, there is an absence of parallel language between them. In the former, "it is unlawful for any person to willfully . . . manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance"; in the latter, only those offenses that "involved the manufacture or distribution of a controlled substance" are provided. The inclusion of manufacture and distribution implies that possession with intent to deliver is excluded. Third, possession of a controlled substance with the intent to deliver could not have "involved" distribution of a controlled substance by the defendant, because the defendant had not yet distributed it; instead, only circumstances that indicated an intent to deliver the controlled substance existed. One might even argue that every drug-related offense necessarily involved manufacture or distribution at some point by some person—not necessarily the defendant. Had the legislature intended to include possession with intent to deliver as an offense subject to the aggravating factors of section 19–03.1–23.1, it would have so provided. Therefore, we hold that the State's request that we "stretch" the meaning of "involved" to cover the offense charged in this case is not reasonable. *See* N.D.C.C. § 1–02–38(3).

### III

[¶ 21] We reverse the district court judgment and remand for resentencing as a class B felony.

[¶ 22] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.