Filed 4/4/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 50

Estate of Edythe M. Christeson, aka 

Edyth M. Christison, Estate of Emmett C. Christeson, 

Estate of Ronald J. Christeson, and 

Patricia Mary Christeson, Dennis Piper, 

Betty Horn, Estate of Eleanor Christeson, 

Dublin Company and Lario Oil and Gas Company, Plaintiffs and Appellees

v.

Wade Gilstad, Trustee under Irrevocable Trust 

Agreement dated 2/3/93, Wade Gilstad, 

Charles E. Gilstad, and Ruth Marie Smith, Defendants and Appellants

No. 20120328

Appeal from the District Court of Mountrail County, Northwest Judicial District, the Honorable William W. McLees, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Steven J. Wild, P.O. Box 260, Bowman, N.D. 58623-0260, for plaintiffs and appellees.

Richard P. Olson (argued), Andrew T. Forward (appeared), Wanda L. Fischer (on brief), P.O. Box 1180, Minot, N.D. 58702-1180, for defendants and appellants.

Estate of Christeson v. Gilstad

No. 20120328

VandeWalle, Chief Justice.

[¶1] Wade Gilstad, individually and as trustee of an irrevocable trust, Charles Gilstad, and Ruth Smith (“Gilstads”) appealed from a district court judgment quieting title in certain mineral interests in Patricia Christeson.  We affirm, concluding the district court did not err in concluding the Gilstads did not acquire title to the disputed mineral interests under the abandoned mineral statutes.

I

[¶2] In 1963, Edyth Christeson acquired an interest in certain property in Mountrail County, including an undivided one-eighth interest in the minerals.  Edyth Christeson conveyed her interest in the surface to the Gilstads’ predecessors in interest in 1964, but reserved her mineral interest in the property.  Edyth Christeson died in 1983, leaving her husband, Emmett Christeson, as her sole heir.  Emmett Christeson subsequently remarried, and in 1989 he and his wife Eleanor Christeson executed an oil and gas lease on the property.  The lease was recorded in the Office of the Register of Deeds of Mountrail County.  

[¶3] Emmett Christeson died in 2000 and was survived by his son, Ronald Christeson.  Ronald Christeson died in 2005 and was survived by his wife, Patricia Christeson. 

[¶4] In 2007 the Gilstads, as current owners of the surface estate in the property, published a “Notice of Lapse of Mineral Interests,” initiating the process under N.D.C.C. ch. 38-18.1 to have the minerals deemed abandoned.  The Gilstads mailed copies of the Notice of Lapse to Edyth Christeson and Emmett Christeson, both of whom were by then deceased, to the address appearing of record for them.  

[¶5] In March 2011, in a series of separate probate proceedings, the district court determined that Edyth Christeson’s undivided one-eighth mineral interest in the Mountrail County property had passed to Emmett Christeson upon her death, to Ronald Christeson upon Emmett Christeson’s death, and to Patricia Christeson upon Ronald Christeson’s death.  Patricia Christeson and the estates of Edyth Christeson, Emmett Christeson, and Ronald Christeson commenced this quiet title action against the Gilstads in April 2011, seeking to resolve the competing claims to the disputed mineral interests.  On cross-motions for summary judgment, the district court concluded that the recorded 1989 oil and gas lease from Emmett and Eleanor Christeson constituted a “use” of the mineral interests within 20 years of the Gilstads’ 2007 Notice of Lapse of Mineral Interests which precluded a finding that the mineral interests had been abandoned under N.D.C.C. ch.  38-18.1.  The court quieted title in the mineral interests in Patricia Christeson, and the Gilstads appealed.

II

[¶6] We have outlined the standards governing our review of a summary judgment entered under N.D.R.Civ.P. 56:

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law.  A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. . . .  Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

Golden v. SM Energy Co.
, 2013 ND 17, ¶ 7 (quoting 
Hamilton v. Woll
, 2012 ND 238, ¶ 9, 823 N.W.2d 754).  

[¶7] There is no disputed issue of material fact presented in this case, and the sole question on appeal involves interpretation of the statute.  The interpretation and application of a statute is a question of law, which is fully reviewable on appeal.  
Locken v. Locken
, 2011 ND 90, ¶ 7, 797 N.W.2d 301.  

III

[¶8] Chapter 38-18.1, N.D.C.C., provides the procedure for a surface owner to succeed to the ownership of an abandoned mineral interest under his land.  
Johnson v. Taliaferro
, 2011 ND 34, ¶ 11, 793 N.W.2d 804; 
Sorenson v. Felton
, 2011 ND 33, ¶ 9, 793 N.W.2d 799.  Section 38-18.1-02, N.D.C.C., provides that a mineral interest may be deemed abandoned if it is unused for a period of 20 years:

Any mineral interest is, if unused for a period of twenty years immediately preceding the first publication of the notice required by section 38-18.1-06, deemed to be abandoned, unless a statement of claim is recorded in accordance with section 38-18.1-04.  Title to the abandoned mineral interest vests in the owner or owners of the surface estate in the land in or under which the mineral interest is located on the date of abandonment.

Section 38-18.1-03, N.D.C.C., defines when a mineral interest is deemed to be used:

1. A mineral interest is deemed to be used when:

. . . .

d. The mineral interest on any tract is subject to a lease, mortgage, assignment, or conveyance of the mineral interest recorded in the office of the recorder in the county in which the mineral interest is located.

[¶9] The dispositive issue in this case is whether the recording of a lease executed by one who is the legal owner of a mineral interest, but who is not the “record owner” of the mineral interest, constitutes a “use” of the mineral interest under N.D.C.C. § 38-18.1-03(1)(d).  The relevant underlying facts are not in dispute.  Edyth Christeson was the record owner of the mineral interest when she died in 1983.  Her estate was not administered and no document was recorded evidencing transfer of the mineral interest to Emmett Christeson.  Nevertheless, Emmett Christeson, as Edyth Christeson’s sole heir, succeeded to her interest and became legal owner of the mineral interest immediately upon her death.  
See
 N.D.C.C. §§ 30.1-12-01 and 30.1-

20-01; 
Brigham Oil & Gas, L.P. v. Lario Oil & Gas Co.
, 2011 ND 154, ¶ 15, 801 N.W.2d 677 (“[p]roperty passes upon death, not upon distribution”); 
Feickert v. Frounfelter
, 468 N.W.2d 131, 132 (N.D. 1991) (same).  In 1989, Emmett Christeson and his new wife executed an oil and gas lease of the mineral interest, and the lease was duly recorded.  

[¶10] The Gilstads concede that Emmett Christeson was the legal owner of the mineral interest when he executed the lease in 1989, but they contend that only a lease executed by the record owner of the mineral interest constitutes a use of the minerals under N.D.C.C. § 38-18.1-03(1)(d).  Therefore, they contend, the recording of the lease executed by Emmett Christeson and his new wife, who were not record owners, did not constitute a use which would preclude abandonment of the mineral interest under N.D.C.C. ch. 38-18.1.

[¶11] The Gilstads’ argument ignores the plain language of the statute.  The terms “owner” and “record owner” do not appear in N.D.C.C. § 38-18.1-03(1)(d).  Rather, the statute unambiguously provides that a mineral interest is deemed to be used when it “is subject to a lease, mortgage, assignment, or conveyance of the mineral interest recorded in the office of the recorder.”

[¶12] Section 38-18.1-03(1)(d) does not on its face require that a lease be executed by a record owner to be deemed a use of the mineral interest which will preclude a finding of abandonment under N.D.C.C. § 38-18.1-02.  When engaging in statutory interpretation, this Court has consistently recognized that it must be presumed the legislature intended all that it said, said all that it intended to say, and meant what it has plainly expressed.  
E.g.
, 
Bornsen v. Pragotrade, LLC
, 2011 ND 183, ¶ 14, 804 N.W.2d 55; 
State v. Dennis
, 2007 ND 87, ¶ 12, 733 N.W.2d 241; 
Public Serv. Comm’n v. Wimbledon Grain Co.
, 2003 ND 104, ¶ 28, 663 N.W.2d 186; 
Little v. Tracy
, 497 N.W.2d 700, 705 (N.D. 1993).  Under the clear and unambiguous language of N.D.C.C. § 38-18.1-03(1)(d), use of the mineral interest is established if a lease of the mineral interest has been recorded.  

[¶13] The Gilstads attempt to evade the clear language of the statute by offering a tortured construction of N.D.C.C. § 38-18.1-03(1)(d).  They contend that the phrase “recorded in the office of the recorder” defines the mineral interest, and does not refer back to the lease, mortgage, assignment, or conveyance.  They thus contend that the phrase “the mineral interest recorded in the office of the recorder” limits application of the statute to the mineral interest held by the record owner, in this case Edyth Christeson.  Under our recording statutes, however, only “instruments,” such as leases, mortgages, assignments, or conveyances, may be recorded.  
See
 N.D.C.C. § 47-19-01.  There is no provision allowing recording of an amorphous “mineral interest,” but only tangible “instruments” affecting title or possession.  Thus, the phrase “recorded in the office of the recorder” must refer to the lease, not to the mineral interest.  The interpretation suggested by the Gilstads is wholly illogical.  The only reasonable interpretation of the language chosen by the legislature is that the recording of a lease, mortgage, assignment, or conveyance of the mineral interest constitutes notice of a use of the mineral interest and precludes a finding of abandonment of the mineral interest under N.D.C.C. ch. 38-18.1.

[¶14] The Gilstads further suggest that N.D.C.C. § 38-18.1-03(1)(d) does not express the legislature’s true intent and that this Court should, in effect, amend the statute to express the true legislative intent.  The Gilstads argue that there is a “defect” in N.D.C.C. § 38-18.1-03; that the statute is “flawed in that it does not explicitly provide that the ‘owner of record’ must be the one to record the documents evidencing ‘use’”; that the statute “requires amendment to clarify its meaning”; and that “this Court should clarify that one who is not an ‘owner of record’ is not enabled to call a lease a ‘use’ under N.D.C.C. § 38-18.1-03.”  As previously noted, however, this Court must presume the legislature meant what it said and said all it intended to say.  
E.g.
, 
Bornsen
, 2011 ND 183, ¶ 14, 804 N.W.2d 55; 
Dennis
, 2007 ND 87, ¶ 12, 733 N.W.2d 241.  We must further presume that the legislature made no mistake in expressing its purpose and intent.  
Wimbeldon Grain
, 2003 ND 104, ¶ 28, 663 N.W.2d 186; 
Little
, 497 N.W.2d at 705.  “Consequently, we will not correct an alleged legislative ‘oversight’ by rewriting unambiguous statutes to cover the situation at hand.”  
Wimbledon Grain
, at ¶ 28; 
see also
 
Van Klootwyk v. Baptist Home, Inc.
, 2003 ND 112, ¶ 19, 665 N.W.2d 679; N.D.C.C. § 1-02-05 (“When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.”).  This Court is not free to “amend” or “clarify” the clear language of the statute, and “if changes are to be made in the statute, we leave that matter to the legislature, as ‘it is for the legislature to determine policy, not for the courts.’”  
Doyle v. Sprynczynatyk
, 2001 ND 8, ¶ 14, 621 N.W.2d 353 (quoting 
Treiber v. Citizens State Bank
, 1999 ND 130, ¶ 16, 598 N.W.2d 96); 
see also
 
Bornsen
, at ¶ 14.  The plain language of N.D.C.C. § 38-18.1-03(1)(d) does not require that the lease be executed by the owner of record, and we decline the Gilstads’ invitation to rewrite the statute to express their interpretation of the legislature’s alleged “true” intent.  
See also
 N.D.C.C. § 38-18.1-05(2) (demonstrating the legislature recognized the difference between a record owner and a legal owner and knew how to limit the statute’s application if it wished to do so).  

[¶15] The Gilstads have not cited any statutory provision or other authority indicating that a recorded oil and gas lease executed by one who is the legal owner, but not the record owner, of the mineral interest does not constitute a use of the mineral interest which would preclude a finding of abandonment.  Section 38-18.1-

03(1)(d), N.D.C.C., does not require that the lease be executed by the owner of record, but merely provides that the recording of a lease of the mineral interest is deemed to be a use under N.D.C.C. ch. 38-18.1.

[¶16] We conclude the district court did not err in determining that the recorded 1989 oil and gas lease constituted a “use” of the mineral interest within 20 years of the Gilstads’ 2007 “Notice of Lapse of Mineral Interests,” and that the mineral interest was not deemed abandoned under N.D.C.C. ch. 38-18.1.

IV

[¶17] We affirm the judgment quieting title in the mineral interests in Patricia Christeson.  

[¶18] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom