IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2019 ND 256

State of North Dakota,                                        Plaintiff and Appellee

v.

G.C.H,                                                   Defendant and Appellant

No. 20190136

Certified question from the District Court of Stutsman County, Southeast Judicial District, the Honorable Cherie L. Clark, Judge.

CERTIFIED QUESTION NOT ANSWERED, SUPERVISORY JURISDICTION EXERCISED. AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

Opinion of the Court by Crothers, Justice.

Joseph Nwoga, Assistant State's Attorney, Jamestown, ND, for plaintiff and appellee.

Ashley Schell, Fargo Public Defender Office, Fargo, ND, for defendant and appellant.

## State v. G.C.H.

## No. 20190136

**Crothers, Justice.**

[¶1]   This case is before the Supreme Court on the Stutsman County district court's certified question of law whether a married person under the age of eighteen is a "child" under the Juvenile Court Act. We decline to answer the certified question. However, this is an appropriate case in which to exercise our supervisory jurisdiction and reverse and remand with directions to vacate the judgment and to dismiss the case for lack of subject matter jurisdiction.

I

[¶2]   G.C.H. is charged with five crimes which allegedly occurred when G.C.H. was sixteen and seventeen years old. G.C.H. was married when the alleged crimes occurred and still is married. G.C.H. filed a motion to dismiss for lack of subject matter jurisdiction due to his age, claiming the proper jurisdiction was in juvenile court. The district court denied the motion, finding G.C.H. was not a child under North Dakota law because he was married. After other proceedings, G.C.H. filed a motion to certify the question to the North Dakota Supreme Court. The district court granted G.C.H.'s motion and certified the following question:

> "Is the Defendant a 'child' under N.D.C.C. § 27-20-04 [sic], who would therefore be under the exclusive jurisdiction of the Juvenile Court requiring the District Court to dismiss the above-referenced cases and refer the cases to Juvenile Court?"

[¶3]   G.C.H. argues a married defendant is a "child" under N.D.C.C. § 27-20-02(4)(b) if the individual was under age twenty when the crime is charged, the defendant has committed delinquent acts, and the delinquent acts were allegedly committed while under the age of eighteen. Therefore, G.C.H. argues jurisdiction belongs in the juvenile court rather than the district court.

1

[¶4]  G.C.H. argues the requirements of N.D.R.App.P. 47.1(a)(1) are met and the Supreme Court should answer the certified question of law. The State did not oppose the motion to certify the question. A state district court may certify questions of law to the Supreme Court when two conditions are met:

> "(A) There is a question of law involved in the proceeding that is determinative of the proceeding; and
> (B) It appears to the district court that there is no controlling precedent in the decisions of the supreme court."

N.D.R.App.P. 47.1(a)(1). G.C.H. argues prong A is met because the certified question is principally determinative of the proceeding. At oral argument G.C.H. argued jurisdiction has been the only issue in this case thus far. Therefore, answering the question would be dispositive of the case. G.C.H. also argues time is of the essence because he is subject to juvenile court only until he is twenty years old and the answer to the certified question is vital to the case because the result is vastly different if the juvenile court has jurisdiction.

[¶5]  For prong B, G.C.H. relies on the district court's statement, "there is a question of law that is determinative of the proceeding and it appears that there is no controlling case law in the decisions of the North Dakota Supreme Court and that there is a question of statutory interpretation." G.C.H. argues the four cases addressing N.D.C.C. § 27-20-02(4) do not provide the district court with controlling precedent. (*See State v. Arot*, 2013 ND 182, 838 N.W.2d 409; *State v. Woodrow*, 2011 ND 192, 803 N.W.2d 572; *Interest of C.S.*, 382 N.W.2d 381 (N.D. 1986); *Interest of E.B.*, 287 N.W.2d 462 (N.D. 1980).)  Therefore, the Supreme Court has authority to answer the certified question.

[¶6]  This Court has discretion to hear certified questions of law by the district court and may refuse to consider a certified question if it is frivolous, interlocutory in nature, or not dispositive of the issues before the district court. N.D.R.App.P.

47.1(c)(1). A certified question will not be answered unless disposition of the case depends wholly or principally upon the construction of law determined, regardless whether the answer is in the negative or affirmative. *Gelinske v. Farmers Grain & Trading Co.*, 446 N.W.2d 261, 262 (N.D. 1989); *Braaten v. Deere & Co.*, 547 N.W.2d 751, 752 (N.D. 1996). Answering a certified question that does not wholly or principally dispose of the issues in the case would constitute issuing an impermissible advisory opinion. *State v. Larson*, 313 N.W.2d 750, 757 (N.D. 1981) (VandeWalle, J., concurring in part and dissenting in part). "The statutes authorizing certification of questions of law to this court do not contemplate our giving advisory opinions." *Gelinske*, 446 N.W.2d at 263.

[¶7]    Here, neither a negative nor affirmative answer would be dispositive of the case. If G.C.H. is a child under N.D.C.C. § 27-20-02(4), the juvenile court still would need to determine whether he was delinquent. If G.C.H. is not a child under N.D.C.C. § 27-20-02(4), a jury still would need to determine if G.C.H. is guilty of the alleged crimes. Therefore, the certified question is not determinative of the proceedings. N.D.R.App.P. 47.1(a)(1)(A).  We decline to answer the certified question.

### III

[¶8]    Notwithstanding our declination to answering the certified question we conclude this case justifies exercising supervisory jurisdiction. This Court has authority to issue supervisory writs under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04. *State v. Haskell*, 2001 ND 14, ¶ 4, 621 N.W.2d 358 (citing *Dimond v. State Bd. of Higher Educ.*, 1999 ND 228, ¶ 19, 603 N.W.2d 66). The authority to issue supervisory writs is discretionary; it cannot be invoked as a matter of right. *Trinity Med. Ctr. v. Holum*, 544 N.W.2d 148, 151 (N.D. 1996); *Odden v. O'Keefe*, 450 N.W.2d 707, 708 (N.D. 1990). This Court determines whether it should exercise its original jurisdiction to issue remedial writs on a case-by-case basis. *Haskell*, at ¶ 4. "Courts generally will not exercise supervisory jurisdiction where the proper remedy is an appeal merely because the appeal may involve an increase of expenses or an

inconvenient delay." *Ziegler v. Meadowbrook Ins. Group, Inc.*, 2009 ND 192, ¶ 15, 774 N.W.2d 782 (citing *Fibelstad v. Glaser*, 497 N.W.2d 425, 429 (N.D. 1993)). "We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases in which there is no adequate alternative remedy." *Id.*

[¶9] Here, the issue is whether the district court or juvenile court has subject matter jurisdiction. G.C.H. is currently eighteen years old and time is of the essence. If we do not exercise supervisory jurisdiction, G.C.H.'s options are to plead guilty or to go to trial in district court. At trial G.C.H. may be acquitted or found guilty. If found guilty, he can appeal the subject matter jurisdiction issue. If we would conclude on appeal that subject matter jurisdiction was improper in the district court, the district court adjudication would be vacated and proceedings would need to start anew in the juvenile court. The juvenile court only has jurisdiction over G.C.H. until he is twenty years old, unless the state intentionally delayed the prosecution to avoid juvenile court jurisdiction. N.D.C.C. § 27-20-34(8). Under these circumstances, we are persuaded this case justifies the exercise of our supervisory jurisdiction.

IV

A

[¶10] G.C.H. argues he is a "child" under N.D.C.C. § 27-20-02(4)(b). The juvenile court has exclusive jurisdiction over "[p]roceedings in which a child is alleged to be delinquent, unruly, or deprived." N.D.C.C. § 27-20-03(1)(a). A "child" is defined as:

> "'Child' means an individual who is:
>     a. Under the age of eighteen years and is not married; or
>     b. Under the age of twenty years with respect to a delinquent act committed while under the age of eighteen years."

[¶11] G.C.H. argues N.D.C.C. § 27-20-02(4)(b) can be broken down into three parts. First, the individual must be under the age of twenty when the petition is filed. Second, the State must allege the defendant has committed a delinquent act that does

4

not fall under N.D.C.C. § 12.1-31-03. Third, the delinquent acts must be committed while under the age of eighteen. G.C.H. further argues even though he is not a child under N.D.C.C. § 27-20-02(4)(a), he is not precluded from being a child under N.D.C.C. § 27-20-02(4)(b). Therefore, the juvenile court has exclusive jurisdiction.

[¶12]  The State argues G.C.H. is an adult under N.D.C.C. § 27-20-02(4)(a), therefore he cannot be a "child" under N.D.C.C. § 27-20-02(4)(b).  The State further argues N.D.C.C. § 27-20-02(4)(b) provides an avenue for an unmarried person who committed an offense while under eighteen to claim being a child if that person is under twenty, and N.D.C.C. § 27-20-02(4)(b) does not apply to G.C.H. because he is married. Therefore, the district court has exclusive jurisdiction.

[¶13]  Our standard for statutory interpretation is well established:

> "Interpretation of a statute is a question of law fully reviewable on appeal. Our primary goal in statutory construction is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning. When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. If, however, the statute is ambiguous or if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, a court may resort to extrinsic aids, such as legislative history, to interpret the statute. A statute is ambiguous if it is susceptible to meanings that are different, but rational. We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted."

*State v. Brown*, 2009 ND 150, ¶ 15, 771 N.W.2d 267 (citing *In re M.W.*, 2009 ND 55, ¶ 6, 764 N.W.2d 185 (quoting *State v. Fasteen*, 2007 ND 162, ¶ 8, 740 N.W.2d 60)). "Statutes relating to the same subject matter shall be construed together and should be harmonized, if possible, to give meaningful effect to each, without rendering one or the other useless." *Brown*, at ¶ 15.

[¶14] G.C.H. argues because N.D.C.C. § 27-20-02(4) uses the word "or," subdivision (a) or (b) can be satisfied independently. The State argues the use of "or" means a person can be a "child" under (a) or (b), but since G.C.H. already is an adult under (a) he cannot be a child under (b). We agree with G.C.H.

[¶15] N.D.C.C. § 27-20-02(4) is not ambiguous. "The word 'or' is disjunctive in nature and ordinarily indicates an alternative between different things or actions." *Industrial Contractors, Inc. v. Workforce Safety & Ins.*, 2009 ND 157, ¶12, 772 N.W.2d 582. As used in N.D.C.C. § 27-20-02(4)(a) the word "or" is disjunctive and provides alternative circumstances when a person can claim the category of "child."

[¶16] The parties agree G.C.H. is not a "child" under subsection (a) because he married at sixteen, prior to committing the alleged acts. Therefore, the issue is whether G.C.H. is a "child" under N.D.C.C. § 27-20-02(4)(b). G.C.H. argues subsection (b) does not include the word "marriage" and therefore a married individual can be a "child" under N.D.C.C. § 27-20-02(4)(b). G.C.H. argues this makes sense because when a child is married they can no longer be deprived by their parent, and cannot claim they are a "child" under (a). However, subsection (b) specifically applies to delinquent acts and therefore a married juvenile still can be delinquent. We agree because plain language of the statute provides that any individual under twenty who is alleged to have committed a delinquent act while under eighteen is a child. Subsection 27-20-02(4)(a), N.D.C.C., specifies that a married minor is not a "child" for purposes of the Juvenile Court Act. Subsection 27-20-02(4)(b), N.D.C.C., has no similar exclusion. In drafting statutes we presume the legislature intended all that it said, said all that it intended to say, and meant what is has plainly expressed. *See Estate of Christeson v. Gilstad*, 2013 ND 50, ¶ 12, 829 N.W.2d 453; *State v. Dennis*, 2007 ND 87, ¶ 12, 733 N.W.2d 241.

[¶17] Our interpretation of N.D.C.C. § 27-20-02(4) is consistent with and confirmed by legislative history. The first mention of marriage was in 1971 when the statute read:

6

"1. 'Child' means an individual who is:

    a.   Under the age of eighteen years, and not married or not a member of the armed services;

    b.   Under the age of twenty-one years who committed an act of delinquency while a child."

(1971 N.D. Sess. Laws ch. 306, § 1). In 1971, subsections (a) and (b) were not separated by the word "or." Additionally, subsection (b) stated, "committed an act of delinquency *while a child.*" The words "while a child" suggest a connection between subsection (a) and (b) and therefore not being married as outlined in subsection (a) is required. By comparison, the current statute separates the subsections with the word "or" and states, "while under the age of eighteen years" instead of "while a child." Therefore, in the current statute the connection between subsection (a) and (b) no longer exists and subsection (b) stands alone.

B

[¶18]  Section 27-20-02(4)(b), N.D.C.C., has three prongs and the next question is whether G.C.H satisfies them. Under N.D.C.C. § 27-20-02(4)(b), the individual must be under the age of twenty; alleged to have committed a delinquent act; and allegedly committed the act before turning eighteen.

[¶19]  First, the record establishes G.C.H. turned eighteen in March of 2019. Therefore, he is under twenty years old and meets the first prong of N.D.C.C. § 27-20-02(4)(b).

[¶20]  Second, N.D.C.C. § 27-20-02(6) defines a delinquent act as "[a] crime under the law, including local ordinances or resolutions of this state, or of another state if the act occurred in that state, or under federal law, and the crime does not fall under subdivision c of subsection 19." Subdivision 19(c) states, "'[u]nruly child' means a child who: . . . Has committed an offense applicable only to a child, except for an offense committed by a minor fourteen years of age or older under subsection 2 of section 12.1-31-03 or an equivalent local ordinance or resolution." None of the acts

7

alleged in G.C.H.'s case fall under subsection 2 of section 12.1-31-03. Therefore, G.C.H. meets the second prong of N.D.C.C. § 27-20-02(4)(b).

[¶21] Third, the record establishes the delinquent acts allegedly occurred on December 30, 2017, April 3, 2018, June 28, 2018, August 13, 2018 and August 31, 2018. G.C.H. was either sixteen or seventeen during these dates. Therefore, he was under eighteen when he allegedly committed the delinquent acts. G.C.H. meets the third prong of N.D.C.C. § 27-20-02(4)(b). Because G.C.H. satisfies all three prongs, he is a "child" under N.D.C.C. § 27-20-02(4)(b), and exclusive jurisdiction over his case is in juvenile court.

V

[¶22] The district court lacks subject matter jurisdiction over G.C.H. because he is a "child" under N.D.C.C. § 27-20-02(4)(b). We exercise our supervisory jurisdiction and reverse and remand with directions to vacate the judgment and dismiss the case for lack of subject matter jurisdiction. The state can decide whether to initiate proceedings against G.C.H. in juvenile court.

[¶23]   Daniel J. Crothers
        Lisa Fair McEvers
        Jon J. Jensen
        Jerod E. Tufte
        Gerald W. VandeWalle, C.J.

8