# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 199

In the Matter of the Estate of Henry L. Behle, Deceased

| | |
|---|---|
| Darren Harr, Personal Representative, | Petitioner and Appellee |
| v. | |
| Henry H. Behle, IV, | Respondent and Appellant |
| and | |
| Paul Behle, | Respondent |

### No. 20210059

Appeal from the District Court of LaMoure County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

Opinion of the Court by Crothers, Justice.

Andrew D. Cook (argued) and Keven J. Kercher (on brief), West Fargo, ND, for petitioner and appellee.

Alan D. Baker, Fargo, ND, for respondent and appellant Henry H. Behle, IV.

**Crothers, Justice.**

[¶1]   Henry H. Behle IV appeals from a summary judgment and award of attorney's fees in favor of Darren Harr as personal representative of the Estate of Henry L. Behle. We affirm the order for summary judgment and reverse the order for attorney's fees.

I

[¶2]   The facts of this case are provided in *Behle v. Harr*, 2021 ND 190, and we will repeat them only as necessary to explain the issues in this appeal.

[¶3]   Behle filed a petition asking the district court to determine the validity of the decedent's will and convert the administration to a formal probate. Harr, as personal representative of the Estate, objected to Behle's petition and moved for summary judgment. Behle argued the probate application was defective because an electronic copy of the decedent's will was filed with the district court rather than the original. Behle also claimed Harr asserted undue influence over the decedent. The district court granted Harr's motion for summary judgment and allowed the probate to proceed informally.

[¶4]   Harr moved for an award of attorney's fees under N.D.C.C. §§ 28-26-01(2) and 28-26-31. The district court granted Harr's motion and awarded the estate $61,475.23 in attorney's fees.

II

[¶5]   Our standard of review on a district court's order for summary judgment is well established:

> "Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking

1

summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record."

*Lund v. Swanson*, 2021 ND 38, ¶ 7, 956 N.W.2d 354.

A

[¶6]   Behle argues summary judgment must be reversed because the informal probate was "fatally defective" due to the decedent's original will not being filed with the district court as required by N.D.C.C. § 30.1-14-03(1)(e). That section requires the district court to determine whether "[a]n original, duly executed, and apparently unrevoked will is in the court's possession." *Id.* Harr argues N.D.R.Ct. 3.5 requires the electronic filing of all documents, which has the same legal effect as paper documents. Harr also claimed Behle's argument misled the court into believing the original will could not be located. The district court found the original will was available to the court, filing it was not necessary, and the probate proceeding was not defective even though the original will was not filed.

[¶7]   Section 30.1-14-02, N.D.C.C., provides "No defect in the application or procedure relating thereto which leads to informal probate of a will renders the probate void." Under that section, Behle's invalidity argument is without merit. Because the lack of an original will did not invalidate the informal

probate proceedings, it is not necessary for us to decide whether the electronic filing mandate in N.D.R.Ct. 3.5, or the statutory original will filing requirement in N.D.C.C. § 30.1-14-03(1)(e), is preeminent.

B

[¶8] Behle argues factual issues related to undue influence preclude summary judgment.

[¶9] "Whether undue influence occurred generally presents a question of fact." *Riskey v. Riskey*, 2018 ND 214, ¶ 8, 917 N.W.2d 488. However, claims can be properly resolved by summary judgment when parties fail to support their opposition with facts showing a genuine issue proper for trial. *Id*. For an undue influence claim to be submitted to a jury, the evidence regarding each element of the claim must be sufficient and create more than mere suspicion of undue influence. *Id*. (citing *In re Estate of Stave*, 2007 ND 53, ¶ 9, 729 N.W.2d 706). "Evidence which merely shows that a party who benefited by the will had both motive and opportunity to exert influence over the testator is not sufficient to invalidate a will if there is no evidence that such influence was actually exerted." *In re Estate of Herr*, 460 N.W.2d 699, 702 (N.D. 1990).

[¶10] A party claiming undue influence must prove: "1) a testator subject to undue influence; 2) the existence of the opportunity to exercise undue influence; 3) a disposition to exercise undue influence; and 4) a result that appears to be the effect of undue influence." *In re Estate of Stave*, 2007 ND 53, ¶ 12 (citations omitted). Failure to prove one of the elements is fatal to an undue influence claim. *See id*. at ¶ 14.

[¶11] Here, the dispositive issue is whether Behle presented evidence to raise a factual issue about Harr's disposition to exercise undue influence. Behle argues the disposition existed because Harr had weekly telephone conversations with the decedent and helped him make farming decisions. Behle also claims Harr wanted to be included in the decedent's will and wanted the estate for himself. However, no evidence supports Behle's contentions. Harr lives out of state and visited the decedent during the summers. Prior to the

3

decedent's execution of the will, the decedent asked Harr if he would serve as personal representative, and Harr said "yes." No evidence showed Harr knew he was a beneficiary in the will until after the decedent died.

[¶12] The district court determined Harr was not present during the decedent's estate planning meeting with his attorney, nor did the attorney have any contact with Harr during the year the will was executed. Harr was not in North Dakota when the decedent met with his attorney to execute the will.

[¶13] Behle's contentions only amount to suspicion. Viewing the evidence in the light most favorable to Behle, no genuine issue of material fact exists regarding undue influence. The district court did not err in granting summary judgment.

III

[¶14] Behle argues the district court erred in ordering him to pay attorney's fees to the estate. We agree.

[¶15] Parties generally are responsible to pay their own attorney's fees absent statutory or contractual authority to the contrary. *Rath v. Rath*, 2016 ND 46, ¶ 26, 876 N.W.2d 474. Here, the district court relied on N.D.C.C. §§ 28-26-01(2) and 28-26-31. This Court reviews an award of attorney's fees for an abuse of discretion. *Rath*, at ¶ 26.

A

[¶16] Section 28-26-01(2), N.D.C.C., provides:

> "In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim. This subsection does not require

4

the award of costs or fees against an attorney or party advancing a claim unwarranted under existing law, if it is supported by a good-faith argument for an extension, modification, or reversal of the existing law."

[¶17] "The plain language of this statute requires courts in civil actions to award costs and fees, including attorney's fees, upon finding a claim for relief was frivolous, providing the prevailing party pled the alleged frivolousness of the claim." *Strand v. Cass Cnty.*, 2008 ND 149, ¶ 11, 753 N.W.2d 872. Behle argues Harr did not allege frivolousness in his responsive pleading, which precludes recovery under N.D.C.C. § 28-26-01(2).

[¶18] In *Dietz v. Kautzman*, the appellee moved for sanctions under N.D.C.C. § 28-26-01(2) and N.D.R.Civ.P. 11 asserting the appellant and his attorney brought a motion for improper purposes. 2004 ND 119, ¶ 4, 681 N.W.2d 437. The appellee also asserted the motion was not made in good faith and was frivolous. *Id.* The appellee specifically addressed why the appellant's motion was frivolous, stating:

> "As he has done numerous times before in this case, [the appellant] has raised several frivolous and nonsensical arguments. Even more egregious is the fact that [the appellant] continues to assert arguments that he has raised previously, often repeatedly, even though such arguments have been previously rejected by not only this Court but also by the North Dakota Supreme Court. For these reasons, [the appellant's] current motion must be rejected."

*Id.* at ¶ 12. This Court concluded the appellee adequately apprised the appellant of the reasons why his motion was frivolous and "the frivolous nature of [the appellant's] motion was apparent to any reasonable person[.]" *Id.*

[¶19] Here, Harr's responsive pleading did not claim Behle's claim was frivolous, nor did it cite the statute. In relevant part, the district court found Harr's objection alleged:

> "[T]he Petition does not provide any specific objections to the probate of the [W]ill . . . . [T]he lack of objections precludes . . . Harr

5

and the Court from identifying and preparing for the specific legal issues or claims to be addressed by a hearing."

. . . .

". . . Given the lack of any basis in the Petition for restricting . . . Harr's powers as personal representative . . . [Harr] requests that the Court deny any further restriction on his person[al] representative's powers and deny the appointment of a special administrator or a different personal representative."

"WHEREFORE , . . . Harr requests that the Court enter an order:

. . . Dismissing the Petition in its entirety."

[¶20] Unlike in *Dietz v. Kautzman*, Harr's motion did not adequately apprise Behle of the reasons his petition was frivolous and the frivolous nature was not apparent. Thus, the district court abused its discretion in awarding attorney's fees under N.D.C.C. § 28-26-01(2).

B

[¶21] Section 28-26-31, N.D.C.C., provides:

"Allegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue, subject the party pleading them to the payment of all expenses, actually incurred by the other party by reason of the untrue pleading, including a reasonable attorney's fee, to be summarily taxed by the court at the trial or upon dismissal of the action."

"Good faith" is defined as "an honest intention to abstain from taking any unconscientious advantage of another even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious." N.D.C.C. § 1-01-21.

[¶22] In awarding attorney's fees under N.D.C.C. § 28-26-31, the district court focused on Behle's summary judgment opposition arguments that the probate

6

petition was "fatally defective" and Harr filed a "false and misleading" application because the decedent's original will was not in the district court's possession.

[¶23] "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. This Court presumes the legislature "meant what is said and said all it intended to say." *Estate of Christeson v. Gilstad*, 2013 ND 50, ¶ 14, 829 N.W.2d 453.

[¶24] Section 28-26-31, N.D.C.C., authorizes attorney's fees if "[a]llegations and denials in any <u>pleading</u>" are not made without good faith and reasonable cause. (Emphasis added.) Rule 7, N.D.R.Civ.P., limits "pleadings" to initiating and responsive documents at the outset of litigation. By comparison, Rule 11, N.D.R.Civ.P., authorizes sanctions for improper representations made in a "pleading, written motion, or other paper." Thus, Rule 11 expands the documents that may be analyzed when the district court awards sanctions. Section 28-26-01, N.D.C.C., also uses different language and requires that the court award attorney's fees if the "claim for relief" is frivolous.

[¶25] Here, the district court did not analyze whether the allegations in Behle's petition were made in good faith when it awarded attorney's fees under N.D.C.C. § 28-26-31. Instead, the district court focused on Behle's arguments made in opposition to summary judgment. The plain words of the statute pertain only to pleadings and not to motions or other documents. Accordingly, the district court abused its discretion in awarding attorney's fees under N.D.C.C. § 28-26-31.

IV

[¶26] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. The district court's order granting summary judgment is affirmed. The district court's order awarding attorney's fees is reversed.

[¶27] Jon J. Jensen, C.J.

Gerald W. VandeWalle

Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte